[No. 20765. In Bank.—December 9, 1890.]

## EX PARTE H. J. PALMER, ON HABEAS CORPUS.

CRIMINAL LAW — EMBEZZLEMENT — VENUE. — Where a managing agent left in charge of a ranch in Yolo County sent horses from the ranch, which were the property of his principal, to a dealer in Sacramento County, who sold them and paid over the net proceeds to the managing agent in Sacramento County, who rendered no account thereof to his principal, and made no entry of it in the books kept on the ranch under his direction, in the absence of any satisfactory explanation of his failure to account therefor, or proof that he took the proceeds out of Sacramento County, the facts are sufficient to justify a committing magistrate in holding him to answer for the crime of embezzlement committed in Sacramento County.

ID. — HABEAS CORPUS — PRIMA FACIE CASE — PROBABLE CAUSE FOR COMMITMENT. — When the facts proved are sufficient to show *prima facie* that the defendant is guilty of a criminal offense, and that he was held to answer in the county in which such offense was presumably committed, he cannot be discharged, upon *habeas corpus*, on the ground that he was committed without reasonable or probable cause, in the absence of explanatory evidence, or proof that the offense was not committed in such county.

APPLICATION to the Supreme Court for a discharge on a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*A. L. Hart*, for Petitioner.

BEATTY, C. J.— The petitioner was held to answer by a justice of the peace of Sacramento on a charge of embezzlement, alleged to have been committed in that county. He asks to be discharged from custody upon the ground that he was committed without reasonable or probable cause (Pol. Code, sec. 1487), claiming that there was no evidence that he was guilty of the crime charged, or of any crime, and especially that there was a total failure of evidence that he had committed any offense in Sacramento County.

We think, however, that the evidence is sufficient to make out a *prima facie* case, and to justify the holding of the petitioner to answer before the Superior Court of Sacramento. It appears that he was superintendent of a ranch in Yolo County; that the owner of the ranch resided in San Francisco; that monthly reports of receipts and disbursements on the ranch were made by the petitioner to the owner, and books were kept on the ranch by a book-keeper, under the direction of the petitioner, in which it was his duty to preserve an accurate account of all receipts and disbursements.

This being the case, petitioner, about a year before his arrest, sent some horses from the ranch, the property of his principal, to a dealer in Sacramento, who sold them, and paid over the net proceeds, $385, to the petitioner in Sacramento. No account was ever rendered of this sum, and no entry of it was made in the books. This, in the absence of any satisfactory explanation of his failure to account, was sufficient to justify the committing magistrate in holding petitioner to answer in Sacramento County. He received the money in Sacramento

County, and there is no evidence that he ever took it out of Sacramento County. If he did appropriate it to his own use, as the evidence seems to indicate, it is reasonable to assume that he did so in the county where he is last shown to have had it in his possession.

Writ discharged, and prisoner remanded.

McFARLAND, J., PATERSON, J., SHARPSTEIN, J., FOX, J., and THORNTON, J., concurred.