# Ex Parte Colón.

## Appeal from the District Court of San Juan.

No. 52.—Decided December 7, 1906.

CRIMINAL PROSECUTION—AUTHORITY OF ATTORNEY GENERAL—SPECIAL FISCAL.—The Attorney General is empowered to appoint special *fiscals* to take part in the prosecution of criminal cases or to order the *fiscal* of one district to act in another district.

HABEAS CORPUS—COMPLAINT OR INFORMATION.—The fact that the petitioner on being arrested for the commission of a crime was not informed of the nature of the charges brought against him is not a sufficient reason to warrant his discharge under *habeas corpus* proceedings.

ID.—ARREST OF ACCUSED BY ORDER OF FISCAL.—Where a municipal judge has commenced the prosecution of a criminal case and forwards the records thereof to the *fiscal*, if this officer orders the arrest of the accused in accordance with section 100 of the Code of Criminal Procedure, it is not necessary that the municipal judge have any further intervention in the matter, and the warrant issued by the *fiscal* will be sufficient to justify the imprisonment on *habeas corpus* proceedings.

ID.—FILING OF INFORMATION.—The fact that the *fiscal* fails to file an information within the period fixed by the provisions of section 70 of the Code of Criminal Procedure is not sufficient reason to warrant the enlargement of the accused under *habeas corpus* proceedings especially where the sixty days referred to by subdivision 1 of section 448 of said Code have not expired.

ID.—PROBABLE CAUSE FOR ARREST OF DEFENDANT—PRIMA FACIE LIABILITY OF DEFENDANT.—Where there is any evidence other than the extra-judicial confession of the defendant tending to show that a crime has been committed, the defendant will not be discharged on *habeas corpus* on the ground of the absence of probable cause, especially if the evidence tends to show *prima facie* that the accused is guilty of the crime.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an appeal from a decision of the district judge of the San Juan district refusing the liberation of the applicants on *habeas corpus.*

All the necessary facts and the legal points are sufficiently stated in the opinion of the Hon. Julio M. Padilla, the special judge who tried the case. It reads literally as follows:

"In this case the petition having been duly filed and sworn to by the applicants, the same was presented to the court at its regular session on the 9th of October of the present year by the Attorney Manuel F. Rossy, and after due notification to the *fiscal* the case was set for hearing on the 13th of the present month of October, on which date the same was duly held, the parties making their appearance in person, and counsel for the prisoners maintaining the grounds on which the petition was based, the same being opposed by the representative of The People.

"It appears from the evidence introduced at the trial that the petitioners Adrián Colón and Juan Santana are and have been confined at the district jail in the custody of acting warden Benito Miro Gómez, since the 7th of September last, by virtue of a warrant issued in San Juan on that date by José R. Aponte, *fiscal* of the Humacao district court, acting as such in the San Juan court, under commission given him by the Attorney General to substitute for the regular *fiscal*, Mr. Torres Grau, during the latter's absence; that the accused are held to answer the charge of murder in the first degree committed in Minillas, Bayamón, within the Judicial District of San Juan, about the 14th of August, 1906; that the ground on which the indictment is based consists of the deposition of a boy, who was an eyewitness to the criminal act, and two more witnesses whose circumstancial evidence corroborated the deposition given by the former; that the accused have never been taken before any judge since the day on which they were arrested, nor have they been as yet indicted before the court; that in the month of August, 1906, they were imprisoned for the same cause as that for which they are now detained, and they were taken to the municipal judge of Bayamón at that time and the charge under which they were held was made known to them and they were liberated from the imprisonment on *habeas corpus*.

"Of the six grounds on which the petition to be decided is based, the first and fifth are reduced to one, to wit: Lack of jurisdiction on the part of the *fiscal* of Humacao to take cognizance of the prosecution. To this end reference is made to the law of March 3, 1904, "providing for the appointment of district attorneys, defining their duties, and for other purposes," as well as sections 3 and 4 of article 483 of the Code of Criminal Procedure. But the objection of the petitioners cannot be considered, in view of the decision rendered by the Supreme Court in the case of *The People of Porto Rico* v. *Francisco Rivera, alias Panchito,* which decision holds that "in accordance with the Organic Law and the Revised Statutes of Porto Rico it is

clear that the Attorney General had authority (and his verbal order was sufficient) to order a district attorney of one court to take part in a prosecution in another court.

"The second ground is that the accused were not informed of the nature of the indictment or charge under which they were held in custody, or the rights granted by the law to accused persons. The citations of paragraph 2 of article 483, and article 44 of the Code of Criminal Procedure seem to have reference to this fact. This allegation is opposed by the fact that the petitioners were examined in this prosecution, one of them by the municipal judge of Bayamón, and the other verbally by the *fiscal,* Torres Grau; but even supposing the existence of the omission alluded to the same should not be sufficient cause for granting the petition for enlargement as the accused have not shown that they exercised the right granted them by article 122 of the Code of Criminal Procedure, and that the same was denied, or that the omission does not prejudice the substantial rights of the accused, as often occurs in other cases of omission, as for example, the one mentioned in article 109 of the said Code, which does not invalidate the decisions rendered against the accused.

"The third ground is that the accused were not taken before the Municipal Judge of Bayamón, where the prosecution should have been commenced, thus depriving them of the right to defend themselves in person or by attorney, and of being confronted with the witnesses against them before the committing magistrate. Article 44 of the Code of Criminal Procedure and section 4 of the law constituting the courts, are cited in support of such allegation. Now, then, it appears from the evidence introduced that the accused were taken before the municipal judge of Bayamón when first arrested and that the proceedings in the case having been sent by said judge to the *fiscal* and the prisoners taken before such officer, they secured their enlargement on *habeas corpus;* if afterwards, those proceedings not having left the hands of the *fiscal,* he ordered the arrest under which the accused are at present in confinement, he did so under the authority conferred by section 100 of the Code of Criminal Procedure, and at such a stage of the proceedings the intervention of the judge who commenced the investigation was unnecessary. Aside from this, article 44 of our Code is taken from section 825 of the California Code, in the original of which it is more clearly seen than in the translation that the purpose of the law upon the matter is to avoid delay in presenting the accused before the judge *in all cases* where he could not be taken before the officer issuing the warrant of arrest. And finally, it does not appear

that the accused have been unsuccessful in requesting from the court the appointment of counsel for them; on the .contrary, it seems that they have always been at liberty to communicate freely with their counsel; nor is there anything tending to show that they could have encountered any difficulty in being confronted with the complainants.

''The fourth ground presented is that more than twenty days elapsed after the applicants were imprisoned before the *fiscal* filed his information, as required by article 70 of the Code of Criminal Procedure. It is evident that this article imposes upon the *fiscal* the obligation of presenting his information within twenty days subsequent to the detention of the accused; but it does not follow that they are entitled to enlargement in case of noncompliance by the *fiscal*—perhaps for just cause—with that precept. It is thus shown by article 448, paragraph 1, and article 449 of the same Code. It must be taken into account that articles 70 and 448 of our Code are identical with articles 809 and 1382, respectively, of the California Code; but no difference is shown in the latter in regard to the time required, as is the case in the former; and besides, articles 70 and 448 of our Code treat only of *acusación*, while the corresponding articles in the California Code treat—809 of information and 1382 of information or indictment; and as this latter word is the equivalent of the Spanish word *acusación*, it must be supposed that sixty days, and not twenty, is the time that a person may lawfully be held in custody without being indicted, either considering such circumstance or the difference in regard to time above referred to. (See case of *The People* v. *Ling,* 95 Cal., 657, in which case the court refused to liberate the accused, notwithstanding the failure of the *fiscal* to present the information within the period of thirty days subsequent to his arrest, to answer the charge.)

''The fifth ground has already been considered together with the first.

''The sixth and last ground is that the petitioners at present are in jail without the existence of a reasonable probable cause for such detention; this being a case in which the liberation is authorized by article 485, paragraph 7, of the Code of Criminal Procedure. To hold that this contention is well founded would be contrary to the doctrine expressed in the cases of *Ex parte Becker,* 86 Cal., 402, and *Palmer,* 86 Cal., 631. Whenever any evidence appears aside from the extrajudical admissions of the accused, tending to show the commission of a crime, the petitioner shall not be liberated before the trial of the cause, under the writ of *habeas corpus,* on the ground that there is no

reasonable or probable cause for the imprisonment. This is likewise the rule when the facts are proven are sufficient to demonstrate *prima facie* that the accused is guilty of a crime.

"In the case at bar the *fiscal,* at the request of the petitioners, has testified that as a probable or reasonable cause of their arrest there exists the deposition of an eyewitness, corroborated by the testimony of two other witnesses. This evidence is sufficient in the opinion of the court to show *prima facie* the guilt of the accused,' it being unnecessary for the court to examine the depositions on which the information presented by the *fiscal* was based, as is contended for by the attorney for the petitioners, who should have requested that the witnesses who testified might be cited and heard before the court if he deemed it necessary for the court to take cognizance of them.

"Therefore, the court is of opinion that it should dismiss and does hereby dismiss the petition of *habeas corpus* herein presented, and orders that the applicants remain under the custody of Don Benito Miro Gómez, as they are at present, in the district jail until they are legally liberated."

The foregoing opinion fully covers the case. No new points were developed in this court; the applicants being unrepresented and the *fiscal* having submitted the case without formal argument.

We approve and adopt the opinion rendered by the trial judge, and the judgment rendered below is accordingly affirmed.

                                                    *Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.