## Ex Parte Vilar.

Appeal from an order of liberation issued by Mr. Justice Aldrey.

No. 352.—Decided June 20, 1911.

Habeas Corpus—Appeal—Liberation Decreed by Supreme Court Justice.— An order for liberation issued by one of the justices of the Supreme Court on an application for a writ of *habeas corpus* presented to him is appealable by the *fiscal* to the Supreme Court *in banc*.

Id.—Filing of Information Against Person Liberated While Appeal is Pending.—The *fiscal* having appealed to the Supreme Court *in banc* from

the order of liberation issued by one of the associate justices thereof in habeas corpus proceedings instituted before said justice may, during the course of such appeal, file an information against the party liberated and order his arrest if he has grounds therefor.

District Fiscals—Their Powers and Duties—Grand Jury.—The powers and duties of district *fiscals* in Porto Rico are defined in sections 95 to 109 of the Code of Criminal Procedure, and it is deduced from such provisions that it cannot be considered that *fiscals* represent or substitute or that they are governed by the same rules as the grand jury.

Id.—Committing Magistrate—Powers of Fiscals—Arrest of, Supposed Delinquents.—Upon examination of the provisions of the Code of Criminal Procedure in regard to *fiscals* we find none authorizing them, upon evidence privately obtained, to order arbitrarily the arrest of a supposed delinquent and imprison him for 20 days while they seek other evidence and endeavor to connect separate links in a chain of circumstances which may develop a conspiracy to commit crime.

Id.—Arrest of Petitioner During Course of Habeas Corpus Proceedings.—Any power that the *fiscal* may have to arrest a supposed delinquent during the course of an investigation of the commission of a public crime cannot impede the effect of *habeas corpus* proceedings, and the judge hearing the case has the right, and it is his duty, to investigate the same thoroughly in accordance with the provisions of sections 469 to 500 of the Code of Criminal Procedure.

Id.—Production of Evidence Taken During Investigation of Crime—Probable Cause for Arrest of Supposed Delinquent.—Although it is not the duty of the *fiscal* to disclose in *habeas corpus* proceedings instituted by the party all the evidence taken in the course of an investigation of a crime, if he deemed that the ends of justice would be prejudiced thereby; it is his duty, however, to submit to the judge hearing the case sufficient evidence to show probable cause for the arrest of the petitioner or bail or liberation of the prisoner must follow; for although *habeas corpus* proceedings cannot obstruct the course of justice, it can and must prevent the illegal restraint of a citizen.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for appellant.

*Mr. Rafael López Landrón* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

On April 4 last Juan Vilar presented a petition to Mr. Justice Aldrey, one of the associate justices of this court, seeking his release from imprisonment in *habeas corpus* proceedings, alleging that he had been illegally detained in prison from March 22 last by the warden of the jail at San Juan, acting under a commitment issued by the prosecuting attorney of the Humacao district for alleged complicity in the

crime of murder; and that there was no reasonable or probable cause for such detention.

On hearing the case on April 8, Mr. Justice Aldrey delivered the following opinion:

"My view concerning petitions for *habeas corpus,* like the present one, is that when a prisoner applies to a judge or a court, alleging and making oath that there is no evidence justifying his imprisonment, the official who ordered his arrest must prove before the judge or the court that there is a cause warranting the continuation of his imprisonment, by means of some evidence, which *prima facie* and without entering upon an analysis of the same, justifies such imprisonment; and the judge or court trying the case is not obliged to abide by the consideration of the evidence made by the person who ordered the imprisonment.

"This opinion is (in the view of its author) sustained by the cases of *People* v. *Smith,* 1 Cal., 9; *Ex Parte Becker,* 86 Cal., 402; *Ex Parte Palmer,* 86 Cal., 631, and *Ex Parte Adrián Colón,* decided by the Supreme Court of Porto Rico, on December 6, 1906. In these cases it appears that some evidence was introduced at the *habeas corpus* investigation for the purpose of justifying the imprisonment. The evidence, which in the present case has been presented to me, does not appear to me to be reasonable, so as to justify the imprisonment; for which reason, the petitioner, Juan Vilar, must be set at liberty, so far as these proceedings are concerned."

In accordance with this opinion an order was issued by Mr. Justice Aldrey for the release of the prisoner, and he was immediately set at liberty.

From this order the prosecuting attorney took an appeal to this court. Such recourse is clearly authorized by the statute. (See Sess. Acts of 1903, p. 102.) But there has been no further action taken in the matter of the prosecution of Vilar; no information has been presented against him, as stated by the *fiscal* on the hearing before us, which was held in this court on the 6th instant, and he is still at large. The *habeas corpus* proceedings could not have prevented such action on the part of the prosecuting attorney, had he deemed it consistent with the dictates of justice to thus proceed.

In his brief filed herein at the request of the court on

the 9th instant, the *fiscal* sets forth fully the propositions contended for on the part of the prosecuting attorney of the Humacao district. In order to place the whole matter clearly in the light of full and free discussion we will copy literally several paragraphs from the said brief. They read as follows:

"We appeal from this decision to this honorable court, not because we have any special interest in the arrest of the petitioner, since such arrest might be carried into effect at any other time, if the circumstances of the case should so permit; but because we believe that it is of the greatest interest for the high purposes of justice in this class of investigations to determine how far the powers of our district attorneys reach to order the imprisonment of one of several persons whom they consider to be connected with the commission of an offense.

"We sustain the principle that the district attorneys, upon making the investigations, are under no necessity of basing their conclusions in regard to the guilt of a man on the written testimony of witnesses, nor on any documentary evidence whatsoever. The district attorney may hear these proofs, these circumstantial evidences from the witnesses, verbally, and rely on these testimonies, not only to order the arrest of a man, but what is even more serious, to file an information before the district court. This is the law in force concerning this matter.

"We do not lay it down as a principle, that the district attorney, by a capricious and wilful act, may imprison a man who has never committed any offense and concerning whom there is not the slightest suspicion of criminality. We are treating of delinquent men, to whom a more or less remote participation in a criminal act is imputed; and in such cases it is the duty of the district attorneys to secure, by imprisonment or by the taking of bail, the appearance of the man before the courts of justice in order to answer the charges preferred against him.

"We sustain the principle that the district attorneys are not obliged at any time to divulge, or to give publicity to, the evidence that they may have in regard to the perpetration of a crime and of the connection of certain persons with the same during the period of the investigation of the same, which, although we do not mean to say that it should be entirely secret, must be made with a certain reserve, in order to avoid the contingency that the action of the

administration of justice may be prejudiced by any malicious act that might be carried into effect for the purpose of preventing the existence of a fact being made clear."

In support of these propositions the *fiscal* cited in his oral argument and in his brief the following authorities: Code of Criminal Procedure, sections 70, 100, 448, and paragraph 7 of section 483; Church on Habeas Corpus, sections 236 and 237, page 329; *Turpen* v. *Booth,* 56 Cal., 65; *In re MacNulty,* 77 Cal., 176; *In re Sternes,* 82 Cal., 245; *In re Kennedy,* 144 Cal., 636; Bishop's New Criminal Procedure, volume 1, sections 867 and 870*b*; which have been carefully examined.

It seems to be the idea of the *fiscal* that because we have no grand jury in Porto Rico the prosecuting attorney takes the place of that body and that his acts are subject to the same rules that apply to the proceedings had before grand juries in the States of the American Union. Let us see what warrant he can find for such a contention in the statute laws or judicial decisions of this island. But first let us recall the procedure which is followed as prescribed in most of the criminal codes of the various States. The grand jury generally makes its investigations before the arrest, and the arrest follows in due course. But when there has been an arrest previous to the investigation by the grand jury it has always been followed by a public hearing before some committing magistrate unless the prisoner waives such a hearing. Substituting the *fiscal* for the grand jury, as in California, the same rules may apply. But here the prosecuting attorney has the power to issue warrants for arrest whenever his attention is called to facts which constitute a violation of the law, yet in such cases the order of arrest must be made in such a manner that it may be returned to some municipal judge or justice of the peace, as the case may be, within the district. Sections 97 of the Code of Criminal Procedure and sections 4 and 14 of the law for the reorganization of the

judicial system, approved on March 10, 1904; Laws of 1904, pages 95 and 98.

Our Code of Criminal Procedure contains the following sections, which were read by the appellant at the hearing, on this subject:

"Section 70. When a defendant has been committed as provided in section 37 of this code, it shall be the duty of the prosecuting attorney, within twenty days thereafter, to examine witnesses and file an information in the district court in the district in which the offense is triable, charging the defendant with such offense, if warranted by the testimony. The information shall be in the name of 'The People of Porto Rico,' and subscribed by the prosecuting attorney as provided for in section 3 of this code."

"Section 100. If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the prosecuting attorney shall order the arrest of the defendant, by issuing a warrant therefor."

"Section 448. The court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed in the following cases:

"1. Where a person has been held to answer for a public offense, if an information is not filed against him within sixty days thereafter;

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information."

The powers and duties of the prosecuting attorney, under the laws of Porto Rico, are set forth in Title III of our Code of Criminal Procedure, containing sections 95 to 109 inclusive.

The prosecuting attorney is the public accuser in the district for which he is appointed. He does not have the character nor the powers of a real committing magistrate. In accordance with the provisions of section 70, when the accused has been sent to prison by a municipal judge or a justice of the peace, as the case may be, in conformity with the directions in section 37 of the Code of Criminal Procedure, it is the duty of the prosecuting attorney within 20 days there-

after to examine the witnesses and present an information to the district court, which may have jurisdiction of the offense, charging the accused with the commission of such an offense if the proof appears to justify such action.

By sections 98 and 100 it is provided that in cases in which municipal judges or justices. of the peace, as the case may be, are without jurisdiction, upon the. return of the proceedings had before such justice, the prosecuting attorney shall issue subpoenas for witnesses and examine them, and, upon finding sufficient evidence of the commission of an offense and probable cause of the guilt of the defendant, an information shall be prepared by him and the prosecuting attorney shall cause the arrest of the defendant · by issuing a warrant therefor.

There is nowhere to be found, as the *fiscal* seems to think, any authority in the prosecuting attorney arbitrarily, on evidence privately acquired by him, to order the arrest of a suspected person and to incarcerate him for 20 days, while he is searching for·other evidence or seeking to connect disjointed links in a chain of circumstances which may develop a conspiracy to commit crime. The prosecuting attorney under section 98 must file an information before he can order the definite arrest of an‸accused or suspected person under section 100 of the Code of Criminal Procedure. Of course, it is his duty to secure the appearance of delinquents before the proper courts for trial, either by detention or bail; but in doing so he must comply with the law and is not authorized unduly to infringe upon the rights of persons to their liberty.

Any authority which the prosecuting attorney has to hold a prisoner pending investigation cannot suspend the force of the writ of *habeas corpus*. The judge issuing that writ has a right, and it is his bounden duty, to make a full and fair investigation according to the rules laid down in the Code of Criminal Procedure (Title XII, sections 469 to 500). It is true that the·prosecuting attorney is not bound

to disclose all the evidence he has on which to base his information to the judge, in *habeas corpus* proceedings, should he believe that the ends of justice may be thereby defeated; but enough must be shown to constitute probable cause for detention or bail, or liberation of the prisoner must follow. *Habeas corpus* cannot impede the course of justice, but it can and must prevent illegal restraint. There can be no *lettres de cachet* in this Island.

After a full examination of all the authorities cited or accessible, we are convinced that the action of our associate was correct and the order of liberation must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.