## Ex Parte Vilar.

Apelación contra una orden de excarcelación expedida por el Juez Asociado Sr. Aldrey.

No. 352.—Resuelto en junio 20, 1911.

Habeas Corpus—Apelación—Excarcelación Decretada por un Juez del Tribunal Supremo.—Una orden de excarcelación dictada por uno de los Jueces del Tribunal Supremo en una solicitud de *habeas corpus* presentada a él, es apelable por el Fiscal para ante el Tribunal Supremo en pleno.

Id.—Presentación de Acusación contra el Excarcelado Durante la Pendencia de la Apelación.—Apelada por el Fiscal para ante el Tribunal Supremo en pleno la orden de excarcelación dictada por uno de los jueces asociados de este tribunal en un recurso de *habeas corpus* presentado directamente a él, puede el Fiscal durante el curso de dicha apelación, presentar acusación contra el excarcelado y decretar su detención si tuviere fundamentos para ello.

Fiscales de Distrito—Facultades y Deberes de los Mismos—Gran Jurado.— Las facultades y deberes de los Fiscales de distrito en Puerto Rico, están determinadas en los artículos 95 al 109 del Código de Enjuiciamiento Criminal y

de dichos preceptos se deduce que no puede considerarse que los Fiscales representan o sustituyen y están regidos por las mismas reglas que la institución del gran jurado.

Id.—Juez Instructor—Facultades de los Fiscales—Detención de Supuestos Delincuentes.—Examinados los preceptos del Código de Enjuiciamiento Criminal relativos a los Fiscales, no encontramos ninguno que autorice al Fiscal para que de un modo arbitrario y fundado en prueba que adquiera privadamente, pueda ordenar el arresto de un supuesto delincuente y tenerlo encarcelado durante 20 días mientras busca otras pruebas y trata de unir eslabones que están separados en una cadena de circunstancias que puede desarrollarse en una conspiración para cometer un crimen.

Id.—Detención del Peticionario Durante el Curso de un Procedimiento de Habeas Corpus.—Cualquier facultad que pueda tener el Fiscal para detener a un supuesto delincuente en el curso de una investigación de la comisión de un delito público, no puede impedir los efectos de un recurso de *habeas corpus* y el juez que conoce de dicho procedimiento tiene el derecho y el deber de investigar por completo el caso, de acuerdo con los preceptos establecidos en los artículos 469 al 500 del Código de Enjuiciamiento Criminal.

Id.—Exhibición de la Prueba Practicada en la Investigación de un Delito—Causa Probable para la Detención de un Supuesto Delincuente.—Aunque el Fiscal no tiene el deber de exhibir toda la prueba practicada en el curso de la investigación de un delito en un procedimiento de *habeas corpus* presentado por el detenido, si él creyera que podrían perjudicarse los fines de la justicia, sin embargo, está en el deber de presentar al juez que conoce del recurso de *habeas corpus*, prueba suficiente para demostrar que existe causa probable para la detención del peticionario o para decretar su excarcelación o su libertad bajo fianza, pues aunque el recurso de *habeas corpus* no puede obstruir el curso de la justicia, sí debe impedir la detención ilegal de un ciudadano.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Jesús M. Rossy, Fiscal.*

Abogado del apelado: *Sr. Rafael López Landrón.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

El día 4 de abril último, Juan Vilar presentó una solicitud al Juez Asociado de este Tribunal Supremo Sr. Aldrey, en la que interesaba ser excarcelado, en procedimientos de *habeas corpus,* alegando en la referida solicitud que había sido detenido en prisión ilegalmente, desde el 22 de marzo último, por el alcaide de la cárcel de San Juan, que procedía de conformidad con el mandamiento de prisión que fué expedido por el Fiscal del Distrito de Humacao, con motivo de supuesta participación en el delito de asesinato; y que no había causa probable o razonable para tal detención.

Celebrada la vista del caso en 8 de abril, el Juez Asociado Sr. de Aldrey, emitió la siguiente opinión:

"Mi manera de pensar en solicitudes de *habeas corpus* como la presente es, que cuando un detenido acude ante un juez o tribunal alegando y jurando que no hay evidencia que haga probable su detención, debe el funcionario que decretó el arresto justificar ante ese juez o tribunal que existe alguna causa probable para que continúe preso, por medio de alguna evidencia que *prima facie* y sin entrar en el análisis de ella, hagan razonable tal prisión, sin que el juez o tribunal que conoce del caso venga obligado a estar y pasar por la apreciación que de la evidencia haya hecho la persona que decretó la prisión.

"Esta opinión está sostenida en el caso de *People* v. *Smith,* 1 Cal., 9; *Ex parte* Becker, 86 Cal., 402; *Ex parte* Palmer, 86 Cal., 631, y *Ex parte* Adrián Colón, fallado por el Tribunal Supremo de Puerto Rico en 6 de diciembre de 1906, de los que se desprende que en todos ellos se presentó alguna evidencia para justificar la prisión.

"La que en el presente caso se me ha presentado, no la estimo razonable para justificar la prisión, por lo que el peticionario Juan Vilar debe ser puesto en libertad por esta causa."

De conformidad con esta opinión, el Juez Asociado Sr. de Aldrey expidió una orden decretando la excarcelación del prisionero que fué inmediatamente puesto en libertad.

Contra esa orden interpuso el Fiscal apelación para ante este tribunal, recurso que evidentemente está autorizado por el estatuto. (Véanse las Leyes de la sesión de 1903, pág. 104.) Pero no se ha tomado ninguna otra medida en el asunto del procedimiento de Vilar; no se ha presentado acusación alguna contra él, según manifestó el Fiscal en la vista celebrada ante este tribunal, que tuvo lugar el día 6 del corriente, y todavía continúa en libertad. El procedimiento de *habeas corpus* no hubiera podido impedir tal acción por parte del Fiscal, si la hubiera creído compatible con los dictados de la justicia, para proceder así.

En el alegato que en 9 del corriente presentó el Fiscal en este caso a solicitud del Tribunal, se expresan ampliamente las proposiciones propuestas por el Fiscal de Distrito de

Humacao. Con el fin de hacer que toda la cuestión pueda presentarse claramente a la luz de una completa y libre discusión, copiaremos literalmente varios párrafos del referido alegato. Dichos párrafos son como sigue:

"Apelamos esta resolución para ante esta honorable corte, no porque tuvieramos ningun interes especial en la detención del peticionario, puesto que ésta podría llevarse a cabo en cualquier otro tiempo, si las circunstancias del caso lo hubieran permitido, sino porque creemos que es del mayor interés para los altos fines de la justicia, en esta clase de investigaciones, determinar hasta donde alcanzan las facultades de nuestros fiscales de distrito, para decretar la prisión de una o varias personas que consideren relacionadas con la comisión de un delito.

"Sostenemos el principio de que los fiscales de distrito al hacer sus investigaciones no necesitan basar sus conclusiones respecto a la culpabilidad de un hombre en el testimonio escrito de testigos ni en ninguna prueba documental. Estas pruebas, estos indicios, pueden ser oídos por el Fiscal de los testigos verbalmente y descansar en estos testimonios, no para decretar la detención de un hombre, sino lo que es más grave aun, para presentar una acusación ante una corte de distrito. Esta es la ley vigente en la materia.

"No partamos del principio de que un Fiscal por un acto caprichoso de su voluntad pueda reducir a prisión a un hombre que jamas haya cometido un delito ni sobre quien hayan las mas leves sospechas de criminalidad. Se trata de hombres delincuentes a quienes se les imputa participaciones más o menos remota en acto delictivo; y en tales casos los Fiscales tienen el deber de asegurar por una prisión o por la constitución de una fianza, la comparecencia del hombre ante los tribunales de justicia, para responder de los cargos que se le hayan hecho.

"Sostenemos el principio de que los Fiscales de distrito no están obligados a descubrir en momento alguno ni a dar publicidad a las pruebas que tengan de la perpetración de un crimen y de su conexión con determinada persona mientras dura el período de la investigación, que aun cuando no querramos decir que sea enteramente secreto, debe sí ejercerse con ciertas reservas, para evitar que la acción de la justicia sufra perjuicio por cualquier acto malicioso que pudiera realizarse, a fin de que no se esclarezca la verdad de un hecho."

En apoyo de estas proposiciones el Fiscal citó en su in-

forme oral y en su alegato, las siguientes autoridades; Código de Enjuiciamiento Criminal, artículos 70, 448, 100, y párrafo 7º. del artículo 483; Church sobre *Habeas Corpus,* artículos 236 y 237, página 329; *In re* Kennedy, 144 Cal., 636; *In re* MacNulty, 77 Cal., 176; *In re* Sternes, 82 Cal., 245; *Turpen* v. *Booth,* 56 Cal., 65; Bishop New Criminal Procedure, tomo 1, artículos 867 y 870*b*; las que han sido cuidadosamente examinadas.

El Fiscal parece tener la idea de que por el hecho de que no tenemos gran jurado en Puerto Rico, el Fiscal substituye a ese cuerpo, estando sus actos sujetos a las mismas reglas que son de aplicación a los procedimientos que se siguen ante los grandes jurados en los Estados de la Unión Americana. Veamos que fundamento puede el Fiscal encontrar para hacer tal alegación, en las leyes estatutarias o decisiones judiciales de esta Isla. Pero primeramente, recordemos el procedimiento que se sigue como prescrito en la mayor parte de los códigos criminales de los varios estados. El gran jurado generalmente hace sus investigaciones antes del arresto, siguiendo éste su curso debido. Pero cuando ha habido un arresto con anterioridad a la investigación del gran jurado, siempre ha seguido una vista pública ante algún juez instructor, a menos que el prisionero renuncie a su derecho. Substituyendo al Fiscal por el gran jurado, como en California, las mismas reglas deben aplicarse. Pero aquí el Fiscal tendrá facultad para expedir órdenes de arresto, siempre que se llame su atención hacia hechos que constituyan transgresiones de la ley, pero en tales casos la orden de arresto se hará de manera que pueda devolverse diligenciada a cualquier juez municipal o de paz en su caso, dentro del distrito. (Art. 97 del Código de Enjuiciamiento Criminal y secciones 4 y 14 de la ley sobre reorganización del sistema judicial, aprobada el 10 de marzo de 1904; Leyes de 1904, pags. 95 y 98.)

Nuestro Código de Enjuiciamiento Criminal contiene los

siguientes artículos sobre el particular, que fueron leídos por el apelante en el acto de la vista.

"Artículo 70.—Cuando un acusado haya sido reducido a prisión, de acuerdo con lo dispuesto en el artículo 37 de este Código, el Fiscal tendrá el deber dentro de los veinte días siguientes a la prisión, de examinar a los testigos y presentar una acusación al tribunal del distrito en que el delito sea enjuiciable, imputando al acusado la comisión de tal delito, si apareciese justificada por la prueba testifical. La acusación se hará en nombre de 'El Pueblo de Puerto Rico' y la suscribirá el Fiscal, según lo determinado en el artículo 3 de este Código.

"Art. 100.—Si resultare, sin embargo, del examen de los testigos, que se ha cometido un delito público y que hay causa suficiente para creer que el acusado es culpable de su perpetración, el Fiscal ordenará el arresto del acusado, expidiendo al efecto un mandamiento de arresto.

"Art. 448. A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el termino de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

Las facultades y deberes del Fiscal, de acuerdo con las leyes de Puerto Rico, se determinan en el Título III de nuestro Código de Enjuiciamiento Criminal y están determinados en los artículos 95 al 109, inclusives.

El Fiscal es el acusador público en el distrito para el cual está nombrado. El no tiene el carácter ni las facultades de un verdadero juez instructor. De acuerdo con lo dispuesto en el artículo 70, cuando un acusado ha sido reducido a prisión por un juez municipal o de paz en su caso, de conformidad con los prescrito en el artículo 37 del Código de Enjuiciamiento Criminal, el Fiscal tendrá el deber, dentro de los veinte días siguientes a la prisión, de examinar a los testigos y presentar una acusación al tribunal del distrito en que el delito sea enjuiciable imputando al acusado la comisión de tal delito, si apareciere justificada por la prueba.

En los artículos 98 y 100 se dispone que en caso en que los jueces municipales o de paz en su caso, no tengan jurisdicción, al ser devueltas las diligencias tramitadas ante dicho juez de paz, el Fiscal expedirá *subpoenas* para testigos, los que examinará, y si encontrare prueba suficiente de haberse cometido algún delito y causa probable de la culpabilidad del acusado, preparará una acusación, y ordenará el arresto del mismo, expidiendo un mandamiento en tal sentido.

No puede encontrarse en ninguna parte, como parece suponer el Fiscal, que el Fiscal tenga facultad alguna para que de un modo arbitrario y por virtud de prueba de carácter privado que adquiera, ordene el arresto de una persona sospechosa, encarcelarla por veinte días, mientras está en busca de otras pruebas, o trata de unir eslabones que están separados en una cadena de circunstancias que puede desarrollarse en una conspiración para cometer un crimen. Según el artículo 98, el Fiscal debe presentar una acusación antes de que pueda ordenar el arresto definitivo de un acusado o persona sospechosa, de acuerdo con el artículo 100 del Código de Enjuiciamiento Criminal. Desde luego que su deber es hacer efectiva la comparecencia de los delincuentes ante las cortes correspondientes, para la celebración de los juicios, ya por detención, o por medio de fianza, pero al hacer esto debe cumplir con la ley y no está facultado para que indebidamente infrinja los derechos de las personas en perjuicio de su libertad.

Cualquier facultad que tenga el Fiscal para detener a un prisionero mientras pende la investigación, no puede suspender la fuerza del auto de *habeas corpus*. El juez que expida ese auto tiene derecho y es su imperioso deber, a hacer una completa y razonable investigación de acuerdo con las reglas contenidas en el Código de Enjuiciamiento Criminal. (Título XII; artículos 469 al 500). Cierto es que el Fiscal no está obligado a revelar o mostrar al juez toda la prueba que tiene en la cual funda su acusación, en procedimiento de *habeas corpus,* si creyera que los fines de la justicia se perjudicaran de

ese modo; pero debe mostrar bastante de la misma para que exista causa probable de la detención, o fianza, y de no hacerlo así, debe decretarse la excarcelación del prisionero. El procedimiento de *habeas corpus* no puede obstaculizar el curso de la justicia, pero puede y debe impedir la prisión ilegal. No pueden existir en esta isla *lettres de cachet.* Después de un examen completo de todas las autoridades citadas o que hemos podido examinar, estamos convencidos de que la resolución adoptada por nuestro compañero fué correcta, por lo que debe confirmarse la orden de excarcelación.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.