[No. 10,444.]
# PEOPLE *v.* COLBY.

CRIMINAL LAW—INDICTMENT.—A motion to set aside an indictment can be based only upon one of the grounds enumerated in sec. 995, Penal Code. The clause in subd. 1 of that section, that an indictment must be set aside "when not found as prescribed in this Code," means simply that it must be concurred in by the constitutional number, twelve, as provided in sec. 940; and will not support a motion to set the indictment aside on the grounds that the grand jury was not properly selected, summoned, or impanneled.

SAME—GRAND JURY.—WALLACE, C. J., dissenting: Where some of the persons summoned on a grand jury are successfully challenged by the defendant, the remaining grand jurors, if of the requisite number, by the operation of the statute constitute the grand jury, to whom the charge against the defendant must be submitted; and the court has no authority to form a special grand jury for the case by impanneling others in place of those who were challenged.

SAME—INDICTMENT.—WALLACE, C. J., dissenting: If an indictment be found by such a grand jury, it should be set aside on the grounds specified in the first and third subdivisions of sec. 940, Penal Code; that is to say, both because not found as prescribed in this Code, and because unauthorized persons were present during the session of the grand jury.

APPEAL from a judgment for the plaintiff, upon an indictment for murder in the Twentieth District Court, County of Santa Cruz. The facts are stated in the opinion.

By the COURT.

We think the petition for a rehearing should be denied; but as certain questions are considered and apparently decided in the former opinion herein, the determination of which is not absolutely required by the exigencies of the case, that opinion is so far modified as to make the judgment depend exclusively upon our affirmance of the rule as laid down in *People* v. *South-well*, (46 Cal. 142) viz., that a motion to set aside an indictment can only be based upon the grounds enumerated in sec. 995 of the Penal Code, and that the clause that an indictment shall be set aside where not *found* as prescribed in the Code will not support a motion to set aside an indictment on the ground that the grand jury was not properly selected, summoned, or impanneled.

The first subdivision of sec. 995 of the Penal Code provides that an indictment must be set aside " where it is not found, indorsed, or presented *as prescribed in this Code*." Sec. 940 provides how an indictment must be *found*—that is, that it must be concurred in by the constitutional number—twelve. The last mentioned section and 941 and 944 prescribe how an indictment must be *indorsed* and *presented*. The first subdivision of sec. 995 by its terms refers to the portions of the *Code* which prescribe the mode of finding, indorsing, and presenting an indictment. It is equally plain that the *third* subdivision of the same section cannot be made to refer to those persons " present during the session " who themselves constitute the grand jury impanneled and sworn under the direction of the Court.

Rehearing denied.

WALLACE, C. J., dissenting :

I dissent from the opinion and judgment in this case, and also from the order denying the prisoner's petition for a rehearing, upon the grounds set forth in my dissenting opinion in *People* v. *Southwell*.

It appears that the names of the persons summoned for the purpose of forming a grand jury having been called, and they having appeared, the prisoner, who was then in custody, successfully challenged six of them. The legal consequence ensuing from this fact is pointed out in the Penal Code (sec. 900): "If a challenge to an individual grand juror is allowed, he cannot be present or take part in the consideration of the charge against the defendant who interposed the challenge or the deliberations of the jury thereon." It thus resulted that the remaining thirteen grand jurors who still continued on the panel became, *by operation of the statute*, the tribunal to whom the charge against the defendant was to be submitted. No statute authorized the Court to supply the places of the six objectionable grand jurors by substituting other six upon the grand jury in their stead. But such an order was nevertheless made, and six others were substituted and took part with the thirteen grand jurors constituting the original panel, and the indictment against the prisoner was the result. Had the six substitutes obtruded themselves into the grand-jury room *of their own heads*, and participated in the deliberations of the thirteen, there would be no doubt that the indictment would have been set aside under the third subdivision of section 995 of the Penal Code: "The indictment must be set aside by the Court in which the defendant is arraigned, upon his motion, in either of the following cases: * * * 3. When a person is permitted to be present during the session of the grand jury," etc. Here six such persons were present under an order of the Court assuming to permit their presence. But there was as little authority for the order as for the intrusion without the order. Neither the order nor the intrusion find any countenance in the statute.

It is true that the grand jury, thus made up of thirteen of the nineteen persons originally summoned and sworn of the regular panel, and the six persons added thereto, was called by the Court a "special grand jury," to whom only the case of this prisoner was to be and was in fact submitted. But the objection to the proceeding is not removed by calling the assemblage of persons thus made up a "special grand jury." The Court

had no authority to form a " special grand jury " under the circumstances, if any respect is to be paid to the provisions of the Penal Code, for there was a regular grand jury in attendance on the Court at the time. The Code points out the circumstances under which a special grand jury is to be impanneled. Section 907 : " If an offense is committed during the sitting of the Court after the discharge of the grand jury, the Court may in its discretion direct an order to be entered that the Sheriff summon another grand jury." But here the offense charged against the prisoner was not committed during the sitting of the Court nor after the discharge of the grand jury. The regular grand jury for the current term was in attendance upon the Court, thirteen of whom were competent to examine the charge against the prisoner, and the entire nineteen originally summoned and sworn was found competent to investigate charges against accused persons other than the prisoner here, of whom the bill of exceptions shows there were several.

The practice adopted in this case involves, in my judgment, a wide departure from the plan of impanneling grand juries provided by the Penal Code, and one which may involve the entire system in inextricable confusion. Here were nineteen competent grand jurors impanneled ; six were added to supply the places of six found disqualified to act in the prisoner's case, but still retained as members of the grand jury, and thus made up a body of *twenty-five* in number—a number unknown to the law, common or statutory. Another six might have been added to take the places of six others disqualified to act upon a charge pending against another accused person, but still retained as members of the Grand Jury. Here would be a grand jury of thirty-one persons, all sworn and acting in cases before it, and the number might of course be indefinitely increased because of a number of accused persons in custody and interposing their several challenges to individual grand jurors. I think, as I had occasion to say in the Southwell case, that a means of correcting such a radical departure from the law is found in the provisions of the statute which allows the accused upon his arraignment to move to set aside the indictment,

" when it is not found    *    *    *    and presented as prescribed in this Code."

I am therefore of opinion that the petition of the prisoner for a rehearing should be granted.