[No. 20486.   In Bank. — December 30, 1889.]

Ex parte GEORGE H. ·STERNES, on Habeas Corpus.

82  245
89  152
82  245
91  646
82  245
h144 636
144  638

Habeas Corpus—Inquiry as to Probable Cause for Commitment—
Effect of Filing Information—Functions of District Attorney.
—It is the duty of the court granting a writ of *habeas corpus* to one com-
mitted on a criminal charge to inquire into the question of reasonable
or probable cause, notwithstanding the filing of an information against
him.   Such a case is materially different from one in which an indict-
ment has been found by a grand jury, which acts as a judicial body.  The
district attorney, in filing an information, acts as a mere ministerial offi-
cer, and has no judicial power to inquire into the question of probable
cause.   It is his duty to file an information for the offense indicated by
the committing magistrate within the time limited after the commit-
ment; and the issuance of a writ of *habeas corpus* neither stays nor extends
the time for performance of that duty, nor does its performance interfere
with the jurisdiction or powers of the court under the writ.

Id. — Criminal Law—Kidnaping — Arrest by Officer under War-
rant. —The arrest of a prisoner in another county by a deputy sheriff
of the county in which the warrant of arrest is issued, who is also a
deputy United States marshal for the district including both counties,
the warrant being directed generally to any sheriff, constable, marshal,
or policeman in the state, and the producing of the prisoner by such of-
ficer before the court issuing the warrant, in obedience to its terms, is
a lawful act, and does not constitute a public offense.  The commitment
of such officer upon a charge of kidnaping the person arrested is without
reasonable or probable cause, and he is entitled to a discharge therefrom
upon *habeas corpus*.

Application for a writ of *habeas corpus*.   The facts are
stated in the opinion of the court.

*Charles W. Kitts,* and *A. L. Hart,* for Petitioner.

*W. D. Long,* and *C. W. Cross,* for Respondent.

Fox, J.—On a former hearing of this cause, upon the
coming in of the return, it appeared that the prisoner
was held under a warrant of commitment issued by a
justice of the peace of Nevada County committing the
accused to the county jail to await trial on a charge of
kidnaping, and that since such commitment, and after
the issue of the writ from this court, the district attorney
had filed in the superior court of that county an informa-

tion in due form to put the accused upon trial for the
said alleged offense. Petitioner thereupon offered to
prove, and to introduce competent evidence for that pur-
pose, that he was held by the magistrate and committed
without probable cause, and claimed that upon making
such proof he would be entitled to his discharge under
subdivision 1487 of the Penal Code.

To the introduction of this proof the respondent ob-
jected, on the ground that this court was precluded from
going behind the warrant of commitment and inquiring
into the question of reasonable or probable cause, by
reason of the fact that an information had already been
filed against the prisoner, claiming that the informa-
tion took the place of an indictment by the grand jury,
and had the same force and effect upon *habeas corpus.*
Upon a brief consultation upon the bench, a majority of
the justices then sitting were inclined to that view of the
case, and the warrant of commitment being regular upon
its face, and issued by a court of competent jurisdiction,
it was ordered that the prisoner be remanded. Subse-
quently the petitioner moved the court to set aside the
order so made and allow the parties to file briefs upon
the question of the admissibility of the testimony so of-
fered, and the court, having doubts about the correctness
of its ruling, granted the motion. Subsequently the
parties were heard in open court upon the subject, and
the testimony, consisting of the depositions and tran-
script of the evidence taken by the committing magis-
trate, was offered and received, subject to the final
conclusion of the court as to the admissibility thereof.

Upon more mature deliberation, we have concluded
that we have not only the right, but that it is our duty,
to inquire into the question of reasonable or probable
cause, notwithstanding the filing of the information, and
that the evidence tending to show whether there was
such reasonable or probable cause is admissible, and the
same is admitted.

As early as the case of *People* v. *Smith*, 1 Cal. 9, it was held that upon the return of the writ of *habeas corpus* it was proper for the court to look into the depositions taken before the committing magistrate, in order to ascertain whether there is reasonable or probable cause to suppose that a felony has been committed by the prisoner. This has been the practice from that time to this, and we are not aware that the right to do so has ever been doubted, when it appeared that the prisoner was held upon a warrant of commitment issued by a committing magistrate before final judgment or indictment by the grand jury. If there was a doubt about it, that doubt has been resolved by the provisions of section 1487 of the Penal Code, where it is provided that the prisoner may be discharged "in any of the following cases: . . . . 7. Where a party has been committed on a criminal charge without reasonable or probable cause." It is not pretended that this provision is in conflict with any provision of the constitution, and if it is not, it is an established law which the court cannot disregard.

Such a case is materially different from one in which an indictment has been found by a grand jury. There the charge is made by a judicial body, — a tribunal of the people charged with judicial duties, and which has judicially investigated and passed upon the question of reasonable or probable cause, a tribunal taken from the body of the people, and consisting of so large a body as to be supposed to be beyond the influence of prejudice or passion, and whose judgment upon this question of reasonable or probable cause has for centuries been held so conclusive that, in the absence of very recent constitutional provisions, all the courts in the land have been powerless to put a man upon trial for felony except upon charge emanating from this body, or to dismiss one without trial who had been in proper form so charged. Until the recent adoption of a constitutional provision for prosecution by information, no man could be put

upon trial for felony upon the commitment of a committing magistrate alone, no matter what the grade of judicial office which he held. The commitment only served the purpose of detaining him until the grand jury could investigate the charge made against him. While the people, by the constitution, have changed this method, and provided the alternative of a more speedy proceeding for putting a man upon his trial, they have not taken away this power of investigation by the grand jury, or reserved to themselves or the courts the right to try a man for an offense into which the grand jury has inquired, and for which it has refused to prosecute; nor has it taken from the courts the power, or absolved them from the duty, pending the prosecution by this more speedy method, of inquiring into the question of reasonable or probable cause.

Nor can we perceive that the act of filing an information by the district attorney in any degree affects this right or duty. The district attorney is a mere ministerial officer. He exercises no judicial functions whatever. He does not, and has no power to, judicially inquire into the question of probable cause. As was said by Mr. Justice Harlan, in the case of *Hurtardo* v. *California,* 110 U. S. 553: " The district attorney of a county is deprived of any discretion in the premises; for if in the judgment of the magistrate before whom the accused is brought, and generally he is only a justice of the peace, a public offense has been committed, it becomes the duty of the district attorney to proceed against him by information for the offense indicated by the committing magistrate."

The information filed by him is the mere formulation of the pleadings in the case, and not the result of any judicial investigation whatever. It does not come, therefore, with the sanctity of an indictment, and prevent the going behind it to inquire into probable cause. The duty of the court in that behalf remains the same after as before the information.

We do not, however, agree with the counsel for the petitioner that the fact of filing the information after the issue of the writ from this court was in any sense an attempt to interfere with the jurisdiction or powers of this court in the premises. It was a ministerial act which the law requires that he must perform within a limited time after the commitment. The issue of the writ from this court neither stayed nor extended the time within which he was required to perform that duty, and he would have been derelict in his duty had he not filed it.

Looking into the evidence, it appears that the prisoner was a deputy sheriff of the county of Yuba, in this state, and a deputy United States marshal for this district; that a warrant of arrest was duly issued out of the superior court of the county of Yuba, directed generally to any sheriff, constable, marshal, or policeman in this state, authorizing and commanding the arrest of one Ah Fong, and the production of his body before the judge of said court at Marysville, in said county of Yuba, to be dealt with according to law; that said warrant was placed in the hands of the prisoner, Sternes, to be executed, and he executed the same by arresting the said Ah Fong in the county of Nevada, in this state, and producing his body before the said judge at Marysville. This was the act, and the only act, for which he was subsequently arrested and committed upon the said charge of kidnaping. It thus appears that he was regularly acting in his official capacity, in executing a warrant regularly issued by a court of competent jurisdiction. The act was lawful, and does not constitute a public offense. The prisoner was, therefore, committed and is held without reasonable or probable cause, and must be discharged.

So ordered.

BEATTY, C. J., and SHARPSTEIN, J., concurred.

PATERSON, J., concurred in the judgment.

THORNTON, J., McFARLAND, J., and WORKS, J., dissented.