[Civ. No. 8642. Second Appellate District, Division Two.—December 28, 1932.]

CHARLES J. HUSBAND, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[Civ. No. 8643. Second Appellate District, Division Two.—December 28, 1932.]

CHARLES J. HUSBAND, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Richard H. Cantillon and W. Torrence Stockman for Petitioner.

Everett W. Mattoon, County Counsel, J. H. O'Connor, Assistant County Counsel, S. V. O. Prichard, Deputy County Counsel, Buron Fitts, District Attorney, and Frank Stafford, Deputy District Attorney, for Respondents.

WORKS, P. J.—These two proceedings present an identical question of law and they may therefore be treated in a single opinion.

Certain indictments were found by the grand jury against petitioner. During the taking of testimony at hearings before that body, which resulted in the indictments, there was present the county grand jury auditor, an officer appointed pursuant to the provisions of section 928 of the Penal Code. It is contended by petitioner that the presence of that functionary in the grand jury room invalidates the indictments and that therefore respondent court has no jurisdiction to try petitioner under them. Respondent insists that the auditor was properly present at the sessions, but we think he was not. Section 925 of the Penal Code is

partially to the effect that "No person other than those specified in this and *the succeeding section* [italics ours] is permitted to be present during the session of the grand jury except the members and witnesses actually under examination." The section also designates persons who may be present in addition to the members of the jury and the witnesses, but the auditor is not among them. Neither section 926 nor 927 of the code contains matter pertinent to the language quoted above which ends with the three italicized words. Section 928, however, reads in part as follows: "It shall be the duty of the grand jury annually to make a careful and complete examination of the books, records and accounts of all the officers of the county, and of every city board of education within the county, and especially those pertaining to the revenue, and report as to the facts they have found, with such recommendations as they may deem proper and fit; and if, in their judgment, the services of an expert are necessary, they shall have power to employ one, at an agreed compensation, to be first approved by the court; . . . " If this latter section provided for the presence of the expert, or auditor, at sessions of the grand jury, held for the purpose of taking testimony preliminary to the possible finding of an indictment for the commission of crime, we think, under well-known rules of statutory interpretation and construction, that the interposition of sections 926 and 927 between sections 925 and 928 would not interfere with a consideration of section 928 as the one pointed to by the words we have italicized above. But section 928 does not provide for the presence of the auditor during criminal investigations, either directly or by proper implication. This appears, we think, from the portion of the section above set forth, and the view is strengthened by a perusal of the remainder of the enactment, which we do not quote in full because of its length. We think, then, that the presence of the auditor was in violation of the provisions of section 925.

■ Section 995 of the Penal Code provides, among other things, that an indictment "must be set aside": "Where it is not found, indorsed and presented as prescribed in this code." Before petitioner instituted the present proceeding he moved respondent court, pursuant to this section, to set aside the indictments presented against him on the ground

of the unlawful presence of the auditor during the grand jury investigation into his alleged delinquencies and the motion was denied.

It has been settled, as must appear obvious, that the provisions of section 995 are mandatory. In *People* v. *Brown*, 81 Cal. App. 226 [253 Pac. 735, 745], we observed: "As was said in *People* v. *Bright*, 157 Cal. 663, 666 [109 Pac. 33], the only capacity in which an unauthorized person may be called before or attend upon the grand jury session is that 'of witness during the actual taking of his own testimony'. And the Supreme Court concluded by announcing the rule as follows: 'We may question the wisdom of some of our statutory provisions relative to grand jurors and the grounds upon which an indictment shall be set aside, but it is our duty to comply with their mandatory requirements. . . . ' The consensus of all authority with which we are familiar is in complete harmony with this rule. In *State* v. *Wetzel*, 75 W. Va. 7 [83 S. E. 68, Ann. Cas. 1918A, 1074], it appeared that a grand jury adjourned to other premises, where four persons not witnesses discussed certain facts, whereupon they returned to their jury-room. It was there said: 'The law holds inviolate the secrecy of proceedings before the grand jury. . . . Quoting from the opinion of Judge Bynum, in *Lewis* v. *Board of Commrs.*, 74 N. C. 199: "None but witnesses have any business before them. . . . The examination of witnesses is conducted by them, without the advice or interference of others. Their findings must be their own, uninfluenced by the promptings or suggestions of others, or their opportunity therefor." ' Many other authorities are quoted with approval in *State* v. *Wetzel*, *supra*, wherein all informal appearances before grand juries, and unauthorized participation in their inquiries, are condemned. In *State* v. *Fasset*, 16 Conn. 457, it was said: 'It is the peculiar policy of the law, in the furtherance of justice, that this preliminary inquiry should be conducted in secret.' " We are of the opinion that the presence of the auditor at the grand jury sessions required that the indictments against petitioner be quashed by respondent court for the reason that, because of his presence the bills were not "found . . . as prescribed in this code", to quote again the language of section 995. *People* v. *Brown*, *supra*, and some of the cases cited in the opinion there rendered

are authority upon this point. It will be observed that the Supreme Court, in a short opinion denying a transfer of *People* v. *Brown, supra,* indicated its "accord with the decision of the District Court of Appeal" upon the questions here considered.

Notwithstanding the view thus expressed by our highest tribunal we should take some notice of *People* v. *Delhantie,* 163 Cal. 461 [125 Pac. 1066, 1068], as that case was not cited in *People* v. *Brown, supra.* The Supreme Court said in its opinion: "It is insisted that by reason of the facts we have stated, the superior court was without jurisdiction to proceed with the trial of defendant upon this indictment. We are unable to perceive any merit in this claim. The *jurisdiction* of the superior court was not dependent upon compliance with the provisions of section 925 of the Penal Code. It obtained jurisdiction of the cause for all purposes by reason of the presentation by the grand jury of the indictment charging defendant with the crime of murder alleged to have been committed in Marin county. If any substantial right given defendant by section 925 of the Penal Code was denied him, it could amount at most simply to error, reviewable in such manner as the law provides." This language is both general and strong, but it is tempered by the statement of facts which precedes it. When the facts are considered it plainly appears that what inspired the language of the court was merely the failure of a duly appointed stenographer to transcribe and serve on the defendant a copy of the testimony taken before the grand jury, *after* indictment found. A very different question was considered in *People* v. *Brown, supra,* and a different one is presented in this proceeding. Here the infraction of the terms of section 925 occurred *before* indictment. It is thus that the presence of the auditor in the grand jury room during the examination of witnesses becomes of moment.

Petitioner here seeks the writ of prohibition. It is well settled, however, that under a petition alleging proper facts we may order the writ of mandate instead of the writ of prohibition where the latter is prayed. The facts necessary to such a departure are made to appear in the petition before us.

In yielding obedience to the mandate about to be ordered respondent court will naturally consider whether, under all

the circumstances of the controversy, petitioner's case should be resubmitted to the grand jury.

A peremptory writ of mandate will issue, directing respondent court to dismiss the assailed indictments.

Craig, J., and Thompson (Ira F.), J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1933.