[Crim. No. 1900. First Appellate District, Division Two.—June 29, 1936.]

In the Matter of the Application of THOMAS HOERTKORN, for a Writ of Habeas Corpus.

Harry A. McKenzie, J. H. Sapiro and Edwin V. McKenzie for Petitioner.

Matthew Brady, District Attorney, and Leslie C. Gillen, Assistant District Attorney, for Respondent.

SPENCE, J.—This case is a companion case to proceeding No. 1901, involving petitioner Lemon (*ante*, p. 82 [59 Pac.

(2d) 213]), the opinion in which last-mentioned proceeding has been this day filed. While much of the discussion in that case is applicable here, the facts in the present case are somewhat different.

Petitioner was a police captain in the police department of the city and county of San Francisco. He was subpoenaed as a witness in the investigation before the grand jury referred to in the other proceeding. He was informed of the nature of the investigation and was advised of his rights. He was then sworn, and he testified at some length on his first appearance before the grand jury. He was later recalled, and the attention of the grand jury and the witness was called to the fact that he had been previously sworn and had testified. On the second occasion he was asked three times if he recalled the warning previously given him. To each of said questions he replied, "I decline to answer the question." He was asked, "Do you decline to answer any other questions?" and he replied, "I decline to answer the question." He was asked several preliminary questions as to whether he recalled giving certain answers to certain questions on his previous appearance. To each of such questions he replied, "I decline to answer the question." He was then asked, "Do you refuse to answer that question or any other question that I put to you thus far upon the ground of your constitutional privilege?" He replied, "I decline to answer the question, Mr. Gillen." He was then informed that a witness' constitutional privilege extended only to declining to answer questions where the answers would "incriminate him, subject him to criminal prosecution, or degrade his character." He was then asked, "Having so instructed you as to the constitutional privilege, I ask you, Captain, if you are declining to answer the question on your constitutional grounds?" He replied, "I decline to answer the question, Mr. Gillen." The next question was, "In other words, you decline to answer what your grounds are?" He replied, "I decline to answer the question." He was then instructed that his refusal constituted a contempt. He asked permission to read a statement but was informed that if he refused to answer a question regarding the ground of his refusal, he would be excused at that time and contempt proceedings would be started against him.

An order to show cause was issued by the superior court, and, upon a hearing thereof, the court found that all of the questions asked were."competent, pertinent, relevant and material", and directed petitioner to appear before the grand jury and answer said questions. Petitioner appeared as directed but refused to answer any questions. In response to the first question which he had been directed by the court to answer, he read a statement. This statement was to the effect that the ruling of the court regarding the relevancy of said questions was based "upon the premise that I am one of the persons being investigated". The statement continued, "Now therefore, I claim the right to refuse to testify upon the following constitutional grounds." (Quoting art. V, sec. 1 of the amendments to the Constitution of the United States and art. I, sec. 13, of the Constitution of the State of California.) No claim was made in said statement or by the witness that an answer to any one of said questions would tend to incriminate him unless said claim may be deemed embodied in the above statement. The witness was then asked each of the questions which the court had directed him to answer and, in response to each, he merely referred to his statement which he had previously read. In each instance he was instructed by the foreman of the grand jury to answer the question, but in each instance he again merely referred to the statement above mentioned. Thereafter, petitioner was cited to appear before the superior court and show cause why he should not be adjudged guilty of contempt. Upon a hearing he was adjudged guilty of contempt for failure to obey the order of the court and was committed to the custody of the sheriff until he obeyed said order.

Petitioner's claims are practically identical with those made by petitioner Lemon in the other proceeding. It is quite apparent that petitioner is not claiming his privilege as a witness to decline to answer questions the answers to which would tend to incriminate him, but is attempting to claim the privilege of a party defendant in a criminal action brought against such defendant to decline to answer any question whatsoever. The discussion in the opinion in the other proceeding is sufficient to show that petitioner has not the status of a defendant and has not the privilege claimed by him. ▉ If we assume, however, that petitioner's statement read to the grand jury when he appeared in response to

the court's order, contained a claim of a witness' privilege to refuse to answer each of said questions upon the ground that the answer to each question would tend to incriminate him, we are still of the opinion that petitioner was properly adjudged guilty of contempt. Most of the questions were merely preliminary questions asked of the witness regarding his recollection of his previous testimony before proceeding with the further examination. It is inconceivable that the answer to any one of the questions asked could have had any tendency whatsoever to incriminate him.

Petitioner makes the further claim that "the questions asked must be both material and pertinent". This may be conceded but the preliminary questions referred to by petitioner under this heading were both material and pertinent for the purpose of calling the attention of the witness and the grand jury to the previous testimony before proceeding. (70 C. J. 554, sec. 714.)

The writ is discharged and the petitioner is remanded to custody.

Nourse, P. J., and Sturtevant, J., concurred.