[Crim. No. 1971. First Appellate District, Division One.—June 7, 1937.]

In the Matter of the Application of PETER P. McDON-OUGH, for a Writ of Habeas Corpus.

288

John J. Taaffe for Petitioner.

CASHIN, J.—A petition for writ of *habeas corpus*.

Petitioner avers that he is illegally restrained and deprived of his liberty by an order of the Superior Court in and for the City and County of San Francisco, adjudging him to be in contempt and committing him to prison. The order was based on his refusal to answer as a witness certain questions asked by the grand jury of said city and county. His refusal was not based upon the ground that his answers would tend to incriminate or degrade him, but that evidence, tending to show criminal acts by certain police officers, having been obtained through a telephone leading into petitioner's office (which method he alleges to be unlawful), and the questions having been based on information so obtained, he would, should he answer, be aiding and abetting an unlawful use of such information; further, that none of the questions so asked was pertinent, relevant or material to the investigation being conducted, and that the district attorney and his associates have caused and permitted statements to appear in the press and elsewhere charging the petitioner with being an accomplice in acts involving the police officers mentioned.

The proceedings as conducted, and the requirement that he answer, are claimed to have been violative of certain of his constitutional rights, and that as a consequence the superior court was without jurisdiction to make the order complained of.

If it be a fact that evidence was obtained in an unlawful manner, this is no objection to its use for the purpose of the investigation (*People* v. *Mayen*, 188 Cal. 237 [205 Pac. 435, 24 A. L. R. 1383]; *Herrscher* v. *State Bar*, 4 Cal. (2d) 399 [49 Pac. (2d) 832]); and petitioner, by answering the questions, would in no sense be aiding or abetting an unlawful act. Moreover, as held in *In re Lemon*, 15 Cal. App. (2d) 82 [59 Pac. (2d) 213], a grand jury investigation is not a criminal proceeding but one for the purpose of determining whether any criminal proceeding shall be commenced and petitioner has but the status of a witness, and can claim only the privilege protecting a witness from self-incrimination. (See, also, *In re Hoertkorn*, 15 Cal. App. (2d) 93 [59 Pac. (2d) 218].) Nor would the fact that public officers

have elsewhere accused petitioner of criminal practices excuse him, particularly where he disclaims the privilege mentioned.

The questions were relevant and material to the matter before tne grand jury, as the superior court found; and in view of the facts and the cases cited no ground for petitioner's discharge from custody has been shown.

The petition is denied.

Tyler, P. J., and Knight, J., concurred.