[Civ. No. 9867. Third Dist. Jan. 22, 1960.]

ALFRED CEREGHINO, Petitioner, v. SUPERIOR COURT OF MADERA COUNTY, Respondent.

Chandler & Hammerberg for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Petitioner seeks a writ of mandate to compel the respondent court to set aside an indictment charging him with a violation of section 288 of the Penal Code, which act was alleged to have been committed by him on a female child 7 years of age.

The evidence before the grand jury consisted of the testimony of the child, the testimony of the child's father and a confessionary statement of petitioner. A perusal of the transcript discloses there was probable cause for the indictment. However, petitioner contends that he was entitled to have the indictment set aside because it was not "found" as prescribed by Penal Code, section 995; that the presence of the child's father while the grand jury was in session was an irregularity which may be thus attacked.

It appears that after the grand jury foreman had stated the nature of the case a deputy district attorney presented the child as a witness. He requested that in view of her age one of her parents be permitted to be present while she testified. The request was granted and the child's father was called in. He was at that time an inspector of the Madera City Police Department and had previously been a deputy sheriff of the county. No effort was made to question the child without the presence of her father and so to determine whether or not she would, without his presence, be able to testify without undue strain upon her. It seems to have been assumed that the statutory mandate forbidding the presence of unauthorized persons while the grand jury was in session could be ignored. Petitioner reasonably argues that, although the transcript gives no indication as to where the father sat or stood with relation to the child while she testified, it may be assumed he was close to her since the purpose of his presence was to comfort and calm her; that due to the father's position in the community and his relationship to the child his unauthorized presence was

fraught with danger to a fair proceeding since his presence afforded opportunity for influencing the jury members, exciting their anger against the accused, and making effective any coaching of the witness if such had taken place. The record discloses a violation of the law governing the proceedings of grand juries. Notwithstanding all this, we are compelled to hold that under existing statutory and case law the ruling of the trial court denying the motion to quash was correct.

■ At common law an indictment returned by a grand jury was unimpeachable. (*Lorenson* v. *Superior Court*, 35 Cal. 2d 49, 55-56 [216 P.2d 859] ; *People* v. *Tinder*, 19 Cal. 539 [81 Am.Dec. 77] ; *In re Kennedy*, 144 Cal. 634 [78 P. 34, 103 Am.St.Rep. 117, 1 Ann.Cas. 840, 67 L.R.A. 406].) But as early as 1872, in California, the presence of an unauthorized person, before a grand jury, while in session, was forbidden by statute (former Pen. Code, § 925), and such unauthorized presence was made a specific ground for setting aside an indictment. (Pen. Code, § 995.) Other grounds for quashing an indictment were stated in the section, including the ground that the indictment had not been "found, endorsed and presented as prescribed" in the code. But in 1927, through an amendment to section 995, the Legislature limited the grounds to, (1) that the indictment had not been "found, indorsed, and presented as prescribed" in the code, and, (2) for want of probable cause. Notwithstanding the former presence in the statute of the ground of unauthorized presence and its elimination in 1927, it is petitioner's claim that respondent court was required to set the indictment aside because by reason of the presence of the child's father the indictment had not been "found" as prescribed by the code. In this contention petitioner is in error.

The Supreme Court said in *People* v. *Jefferson*, 47 Cal.2d 438, 441-442 [303 P.2d 1024] :

". . . Did the trial court err in denying defendant's motion to set aside the indictment?

"No. . . .

". . . . . . . . . .

"Section 995, subdivision 1, of the Penal Code has been interpreted as applying only to those sections in part 2, title 5, chapter 1, of the Penal Code beginning with section 940. (*People* v. *Colby*, 54 Cal. 37 ; *People* v. *Kempley*, 205 Cal. 441, 447 [271 P. 478].)

"In *People* v. *Kempley, supra*, this court held an indictment

was not subject to attack under the provisions of section 995 of the Penal Code because of noncompliance with the requirements of section 907 of the Penal Code. It said at page 447: 'The provisions of the foregoing section were not complied with; but the neglect or failure of the foreman to comply therewith is not made a ground for setting aside the indictment by section 995 of the Penal Code . . .' ''

In *People* v. *Kempley,* 205 Cal. 441, 447 [271 P. 478], where it was contended that any irregularity in grand jury proceedings could be made the subject of a motion to set the indictment aside under the first subdivision of Section 995 of the Penal Code the court said:

''. . . The first subdivision of said section 995 provides that the indictment must be set aside on the motion of the defendant if 'it is not found, endorsed and presented as provided by this Code.' It is under this subdivision that the point now under discussion was made by the defendants. By its terms this subdivision refers to the portions of the code which prescribe *the mode of finding, indorsing and presenting an indictment. (People* v. *Colby,* 54 Cal. 37.)'' (Italics added.)

What has been said discloses that the common-law unimpeachability of a grand jury indictment has been adhered to in California save as our statutes permit attack upon specific statutory grounds. Our case law has consistently held, since *People* v. *Colby, supra,* that the presence of unauthorized persons during sessions was a specific ground for attacking an indictment not covered by nor included in the further specific ground that the indictment had not been ''found, endorsed and presented'' in accordance with the statutes governing grand jury proceedings. We conclude that the action of the respondent court in denying petitioner's motion was not error. (*Lorenson* v. *Superior Court, supra.*)

Petitioner relies upon the case of *Husband* v. *Superior Court,* 128 Cal.App. 444 [17 P.2d 764], wherein, notwithstanding the Legislature had in 1927 eliminated from the statute designating grounds for setting aside indictments, the ground that unauthorized persons had been present during grand jury sessions, the court said at page 447: ''We are of the opinion that the presence of the auditor at the grand jury sessions required that the indictments against petitioner be quashed by respondent court for the reason that, because of his presence the bills were not 'found . . . as prescribed in this code.' '' The Supreme Court denied a hearing. This decision cannot be factually distinguished from the case before us. In both cases

unauthorized persons had been present. Nevertheless we think it clear that the decision was not in harmony with existing statutory and case law; that it is not in harmony with case law originating after it was rendered; and that it is not to be followed. We are strengthened in this conclusion by what the Supreme Court said concerning the Husband case in *Fitts* v. *Superior Court*, 4 Cal.2d 514 [51 P.2d 66, 102 A.L.R. 290]. After distinguishing the Husband case factually from the one then before the court, the following was said, at page 523:

"... However, aside from the factual distinction that exists between the present case and the Husband case, *supra*, we have grave doubts as to the propriety of the holding in that case which permits the issuance of a writ of mandate to compel the dismissal of an indictment upon the ground that an unauthorized person appeared before the grand jury, in violation of section 925, *supra*, during the hearings on the charges leading to the indictment. Since the denial of a hearing in the Husband case, we have had this identical question before us in the application of *Haight and Kemp* v. *Superior Court*, S.F. 14921, wherein we denied an application for a writ of mandate to compel the dismissal of an indictment because of the alleged improper appearance of unauthorized persons before the grand jury. We were then of the opinion, which we still maintain, that it would be a dangerous precedent, under such circumstances, to allow a writ of mandate, or other prerogative writ, to be used to inquire into the regularity of every indictment returned by a grand jury."

It is our view that the Husband case cannot be considered to be the law in California respecting the impeachability of an indictment for the presence of unauthorized persons during grand jury sessions.

The alternative writ is discharged. The peremptory writ is denied.

Peek, J., and Schottky, J., concurred.