Trent **BOYES**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 16982.

United States Court of Appeals Eighth Circuit.

Feb. 7, 1962.

---

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant seeks leave to appeal in forma pauperis from an order of the District Court denying his application for a writ of habeas corpus ad prosequendum. The court permitted him to file a notice of appeal without payment of fee, but denied him leave to proceed further in forma pauperis, certifying that the appeal was without merit and so not taken in good faith.

A complaint had been filed in April 1955 against appellant in the Eastern District of Missouri, charging him with violation of 18 U.S.C.A. § 2113(a), in robbing the Bank of O'Fallon, O'Fallon, Missouri, and with violation of Section 2113(d), in having, while committing the offense, put in jeopardy the lives of officers of the bank by the use of a dangerous weapon or device.

Appellant was arrested in the Western District of Texas, and, when taken before the court there in July 1955 on the matter of removal, he executed a waiver of indictment under Rule 7(b), Rules of Criminal Procedure, 18 U.S.C.A. to enable him to have the advantage of Rule 20. An information making charges of the violations recited in the complaint was thereupon filed against him in the Eastern District of Missouri. He executed a statement and request under Rule 20, Rules of Criminal Procedure, 18 U.S.C.A. to have the case transferred from the Eastern District of Missouri to the Western District of Texas to enable him to make a plea of guilty to the information in that district. Transfer of the case was accordingly made, and he was convicted and sentenced on this basis.

Six years later, he filed an application in the Eastern District of Missouri for a writ of habeas corpus ad prosequendum, which is the matter now before us, alleging that his waiver of indictment, his request for a transfer under Rule 20, and his conviction and sentence in the Western District of Texas had all been a legal nullity; that the charges contained in the original complaint were therefore still open and pending against him in the Eastern District of Missouri; and that he was in the circumstances entitled to the writ sought in order to get such charges disposed of against him.

His primary contention is that the bank robbery statute, 18 U.S.C.A. § 2113, contains a provision for capital punishment, where a defendant in committing the offense "kills any person, or forces any

person to accompany him without the consent of such person"; that without a specific negativing or exclusion of the application of this provision of the statute in the charges against him, he was subject to the risk of capital punishment; that he therefore could not waive prosecution by indictment; and that the information filed against him and the proceedings based thereon were accordingly void.

 The provision for capital punishment to which appellant refers is subsection (e) of § 2113. No charge, however, was made against him under that subsection either in the complaint or the information filed. The violations specified in both the complaint and the information were of subsections (a) and (d), for which no punishment in excess of 25 years imprisonment could be imposed. Appellant could not be (and he was not here) tried or convicted for an offense or a degree of an offense with which he was not charged. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed. 2d 252. He therefore was at no time subject to the risk of a death sentence in the proceedings involved, and his contention is accordingly frivolous.

Appellant's second contention is that his waiver of prosecution by indictment was a nullity, because it was made by him in the Western District of Texas and not in the Eastern District of Missouri where the offense was committed. The right under the Fifth Amendment to be prosecuted for a felony by indictment is itself a matter of substantive due process, but the manner of waiving that right and of consenting to be prosecuted instead by information is a matter of procedural due process. Since only procedural due process is involved, there is no constitutional barrier to such a waiver being authorized legislatively to be made in a district other than the one in which the crime was committed, such as Rule 7(b) of the Rules of Criminal Procedure has always been regarded as providing.

Rule 7(b) imposes the requirement that, for a defendant to waive prosecution by indictment, he must do so "in open court" and "after he has been advised of the nature of the charge and of his rights". But these procedural prescriptions are as judicially capable of being safeguarded by the court of a district in which a defendant has been arrested and where he is present in open court for the purpose of waiving or having established against him probable cause for removal, as by the court of the district in which the offense has been committed. If this were not so, the result would be, in a situation such as is here involved, to deprive a defendant of, or to delay, his right to have the benefit of a transfer, such as Rule 20 contemplates.

The case will be permitted to be docketed without payment of fee, and the appeal will thereupon be dismissed as being without basis or substance.

Appeal dismissed.