[Crim. No. 5321.   Third Dist.   Sept. 11, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RUDY FLORES, Defendant and Appellant.

E. Richard Walker, Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, James T. McNally and Russell L. Moore, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

REGAN, J.—Defendant pleaded guilty to a violation of section 11501 of the Health and Safety Code (sale of heroin). After obtaining a certificate of probable cause for appeal from the superior court (Pen. Code, § 1237.5), he appeals from the judgment, contending that (1) his statutory right to have but one witness before the grand jury at a time was violated; and (2) the prosecution initiated by grand jury indictment is a violation of due process and equal protection of the law.

The procedural background of this case is as follows: The Yolo County Grand Jury returned a six-count indictment against the defendant. The six counts all involved the sale or possession of heroin on different days. A motion to dismiss the indictment under section 995 of the Penal Code was denied. A subsequent petition for writ of prohibition was denied by this court on October 18, 1968. Defendant then pleaded not guilty to the six counts and the case was set for trial on November 6, 1968. On November 4, defendant, with counsel, appeared and requested permission to withdraw his plea of not guilty to count III (sale of heroin) and to allow him to enter a guilty plea to this charge. Defendant informed the court that the other counts would be dismissed by the district attorney. After interrogation of the defendant and the concurrence of counsel for defendant, the court ordered that the defendant's plea of not guilty as charged in count III be withdrawn and set aside. After further interrogation of the defendant, he then pleaded guilty to a violation of section 11501 of the Health and Safety Code as charged in count III of the indictment. The court accepted the plea. Thereafter, on motion of the district attorney, the remaining five counts were dismissed.

The facts relating to count III are as follows: On April 9, 1968, at approximately 10:45 a.m., Torrey Shutes and Michael Adcock arrived at the Bryte residence of the defendant. Shutes was an agent of the California State Bureau of Narcotic Enforcement. Adcock knocked on the door of the residence and when defendant answered, Adcock asked: ''Can I get a bag [a $25 balloon of heroin]?'' Shutes, Adcock and defendant walked into the kitchen. Defendant went to the bathroom and returned carrying a notebook pad on which rested four small piles of white powder. He scraped from the pad one of the piles into a piece of paper which was then folded. Shutes said that he wished to purchase two papers of heroin. Defendant scraped another one of the piles of white powder into a piece of paper, and then folded the paper. He handed the two bindles of powder to Adcock. In exchange Shutes gave defendant $50 in recorded state funds. The powder was subsequently analyzed by a state chemist and was found to be a useable quantity of heroin.

1. *Plea of Guilty.*

Section 1237.5 of the Penal Code provides:

''No appeal shall be taken by defendant from a judgment of conviction upon a plea of guilty or nolo contendere, except where:

''(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and

''(b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk.''

In *People* v. *Ward* (1967) 66 Cal.2d 571, 574-575 [58 Cal. Rptr. 313, 426 P.2d 881], the court commented on this section: ''In spite of the fact that section 1237.5 refers generally to an appeal 'from a judgment of conviction upon a plea of guilty' it seems clear that the section was intended to apply only to a situation in which a defendant claims *that his plea of guilty was invalid.*

''When a defendant pleads guilty to a crime not divided into degrees . . . no trial is held on the question of guilt and there are no contraverted issues, since he admits every element of the crime, and the plea necessarily results in a judgment of conviction. Under these circumstances there is rationale for *confining the right of appeal to a situation in which fundamental errors may have occurred.* Even prior to the 1965 enactment of section 1237.5 a defendant could attack the

validity of his guilty plea only upon limited appeal grounds, such as lack of jurisdiction of the trial court or the legality of the proceedings. [Citation.]'' (Italics added.)

As can be seen from the foregoing, the scope of an appeal from a plea of guilty is extremely narrow. Although defendant herein is not challenging the validity of his plea of guilty (see *People* v. *Delles* (1968) 69 Cal.2d 906, 909 [73 Cal.Rptr. 389, 447 P.2d 629]) the trial court did grant a certificate of probable cause (Pen. Code, § 1237.5) and we choose to examine defendant's contentions.

### 2. *Witnesses Before Grand Jury.*

■ Defendant initially contends that section 939 of the Penal Code prohibits the presence before the grand jury of more than one witness under examination. He then argues, by inference from the reporter's transcript, that all of the witnesses who gave testimony remained at the grand jury hearing until discharged at the conclusion of the proceedings. The record does show that the witnesses Shutes and Adcock were on the stand and under oath at the same time. However, there appears to be nothing improper in this procedure, and defendant has not shown how this unfairly affected the legality of the proceedings. He cites *Husband* v. *Superior Court* (1932) 128 Cal.App. 444 [17 P.2d 764], which held that former section 939 of the Penal Code was violated when an unauthorized auditor was present when witnesses were examined before the grand jury. However, the only persons present in the instant case were the witnesses specifically authorized to be present by the code section. Section 939 provides:

"No person other than those specified in Article 3 (commencing with Section 934), Chapter 3 of this title and in Section 939.1 is permitted to be present during the session of the grand jury except the members *and witnesses actually under examination.* No person shall be permitted to be present during the expression of the opinions of the grand jurors, or the giving of their votes upon any matter before them." (Italics added.)

Further, the Supreme Court refused to follow the *Husband* case in *Fitts* v. *Superior Court* (1935) 4 Cal.2d 514, 523-524 [51 P.2d 66, 102 A.L.R. 290], and cast grave doubt on the holding in that case which permitted the issuance of a writ of mandate upon the ground that an unauthorized person appeared before the grand jury during the hearings on its charges leading to the indictment. In *Cereghino* v. *Superior*

*Court* (1960) 177 Cal.App.2d 328, 332 [2 Cal.Rptr. 159], this court also refused to follow *Husband*, stating: "It is our view that the *Husband* case cannot be considered to be the law in California respecting the impeachability of an indictment for the presence of unauthorized persons during grand jury sessions."

Thus, the *Husband* case has been completely discredited and moreover the only witnesses appearing before the grand jury were authorized witnesses.

Four witnesses testified before the grand jury, namely state chemists Travnikoff and Kvick, undercover agent Shutes and Adcock, a paid informer for the Bureau of Narcotic Enforcement. The two witnesses who testified against the defendant were Shutes and Travnikoff. There is no showing in the record that the presence of the other two witnesses in any way prejudiced the grand jury in returning its indictment. There is no merit to defendant's contention.

3. *Prosecution Initiated By Grand Jury.*

█ The defendant also contends that a prosecution initiated by a grand jury is a violation of due process and equal protection of the laws. Specifically he contends that since the prosecution did not proceed by the way of an information, he was denied the rights of cross-examination, confrontation and discovery. which would have been available to him had there been a preliminary examination. He also notes that there are no standards by which the district attorney is guided in choosing between the two methods of commencing a prosecution.

Defendant cites no authority for this proposition and we have found none. Despite sustained attacks on the grand jury system, it still remains as an established part of the federal and state systems of criminal administration. (Witkin, Cal. Criminal Procedure (1963), § 9, pp. 9-10.) Any change in this procedure, we feel. is a task for the Legislature since we find no constitutional infirmity in the grand jury process.

As stated in *People* v. *Dupree* (1957) 156 Cal.App.2d 60. 64-65 [319 P.2d 39] : "Appellant misconceives the powers and functions of a grand jury. In *People* v. *Foster,* 198 Cal. 112, 120 [243 P. 667], after pointing out that a grand jury is a distinctive, inquisitorial body, the court stated: '*Its sessions are secretly conducted* and the person whose acts are under investigation by it may have no official knowledge that he is the subject of investigation nor does he know who his accusers were or what they have testified to until after the indictment has been returned against him. In short, the accused has not

had his day in court so far as the preliminary proceedings are concerned. The right of the accused to be informed of the evidence taken before the grand jury, even after indictment found, is a modern statutory innovation of the ancient rule. *In no case is the accused privileged to be confronted by his accusers. Indeed, he may not appear before the grand jury or produce witnesses in his own behalf as a matter of right.' "*

A grand jury proceeding is not a criminal trial. (*People* v. *Dupree, supra,* 156 Cal.App.2d at p. 65; see also, *In re McDonough* (1937) 21 Cal.App.2d 287, 288 [68 P.2d 1020].) The purpose of an indictment or information is simply to inform the accused of the charge which he must meet at trial. (*People* v. *Barry* (1957) 153 Cal.App.2d 193, 202 [314 P.2d 531].) Here, defendant was well aware of the charges he would have had to meet at trial. There was no denial of his constitutional rights.

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.