[Crim. No. 742. Fifth Dist. Dec. 17, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
JOE ROJAS, Defendant and Appellant.

COUNSEL

E. Richard Walker, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Jack R. Winkler and Elliott D. McCarty, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STONE, J.—Defendant was charged on June 19, 1968, by an indictment returned by the Yolo County Grand Jury, with, count I, violation of section

11501 of the Health and Safety Code, unlawfully selling and furnishing a narcotic other than marijuana, to wit, heroin; count II, violation of section 11500, unlawfully possessing a narcotic other than marijuana, to wit, heroin; count III, prior conviction of a felony offense, to wit, violation of section 11501 of the Health and Safety Code.

Defendant moved to quash the indictment, under Penal Code section 995; the motion was denied, and defendant pleaded not guilty to counts I and II, and denied the prior felony conviction alleged in count III. The matter was set for jury trial, but the day before trial the court granted defendant's motion to withdraw his plea of not guilty to count I of the indictment and to admit the prior felony conviction charged in count III. Defendant then entered a plea of guilty to count I, and admitted the prior felony conviction, whereupon the court granted the district attorney's motion to dismiss count II in the interests of justice.

Defendant then moved to suspend criminal proceedings in order to determine whether he was a narcotic addict. The court, in granting the motion, directed the district attorney to file a petition for commitment to the Department of Corrections for ultimate confinement in the Narcotic Detention, Treatment and Rehabilitation Center, under section 3051 of the Welfare and Institutions Code.

On November 6, 1968, after considering medical reports, the court found defendant to be a narcotic addict and ordered his commitment to the Department of Corrections for confinement at the Narcotic Detention, Treatment and Rehabilitation Facility at Corona, California. Defendant filed a notice of appeal from said order, and a written statement under Penal Code section 1237.5 in support thereof. A judge of the superior court certified that probable cause for the appeal existed.

The gist of defendant's argument is that his order of commitment to the custody of the Director of Corrections for confinement in the Narcotic Detention, Treatment and Rehabilitation Facility was predicated upon his plea of guilty to count I of the indictment, and that the indictment was void in that irregularities in the grand jury proceedings violated his constitutional rights. That is to say, his plea of guilty to a constitutionally invalid indictment will not support a commitment grounded upon such plea.

Defendant's principal argument is that a witness other than the one being examined by the grand jury was permitted to be present during the taking of testimony. The record reflects that two narcotic chemists and two undercover agents for the Bureau of Narcotics Enforcement were in the grand jury room during the taking of some of the testimony. One chemist and one undercover agent were present when an undercover agent testified, and both undercover agents and one chemist were present when the other

chemist testified. Defendant asserts the presence of persons other than the witness under interrogation violates Penal Code section 939. This section provides: "No person . . . is permitted to be present during the session of the grand jury except the members and witnesses actually under examination. No person shall be permitted to be present during the expression of the opinions of the grand jurors, or the giving of their votes upon any matter before them."

Counsel for the People call our attention to *People* v. *Flores,* 276 Cal.App.2d 61 [81 Cal.Rptr. 197], holding that under similar circumstances there was no violation of the statute. The court reasoned that since the word "witnesses" is plural, "other" witnesses may be present while the grand jury takes the testimony of *a* witness.

█ We take a somewhat different view of section 939; we deem the words "actually under examination" to be the critical language of the statute. Obviously this does not apply to witnesses being interrogated jointly, but where a single witness is testifying, the presence of witnesses not actually under examination would seem to be contrary to the spirit and intent of section 939. A bevy of hostile witnesses, particularly if one is domineering, portends the possibility of grave abuses of the grand jury indictment procedure. On the other hand, we can see no great inconvenience to the grand jury or the witnesses if those who are about to testify and those who have testified are excluded from the grand jury room, in view of the exclusion of a defendant and his attorney during the taking of testimony. █ But the error is not reversible error per se.

It is defendant's position that violation of Penal Code section 939 constituted a denial of due process of law as guaranteed by the Fourteenth Amendment. █ Undoubtedly under certain circumstances a violation of section 939 would constitute a denial of due process, but the defendant has the burden of demonstrating that it does; it must be shown that a miscarriage of justice resulted. Defendant has wholly failed to meet the burden; he rests his contention upon the naked assertion that the statute was violated.

█ Our review of the record of the grand jury proceedings convinces us there was ample evidence to support a true bill under the indictment procedure. It also appears that the same evidence would warrant holding defendant to answer had the preliminary hearing route been followed. In the absence of a showing of prejudice, we are not inclined to reverse because of what we conceive to be a violation of Penal Code section 939.

(Cal Const. art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

Defendant next contends that the process of bringing a criminal charge by indictment is unconstitutional. ▇ It is true, as defendant argues, the indictment procedure denies a defendant certain rights that have been recognized under the United States Constitution and the California Constitution, such as the right of a defendant to confront witnesses who testify against him, the right to have his attorney present, and the right to cross-examine adverse witnesses. However, the courts have consistently approved use of the grand jury indictment procedure to hold a defendant to answer. Historically, the procedure antedates the information and preliminary hearing method.

The question has been touched upon in a number of cases, both federal and state, although the issue usually has been presented inversely by a defendant's contention that his constitutional rights were violated because he was charged by information rather than by indictment. The upshot of the cases is that a defendant's constitutional rights are not violated where a criminal prosecution is initiated by *either* indictment or information. (*Hurtado* v. *California,* 110 U.S. 516 [28 L.Ed. 232, 4 S.Ct. 111, 292]; *Ex parte Sternes,* 82 Cal. 245 [23 P. 38]; *People* v. *Reed,* 210 Cal.App.2d 80, 84 [26 Cal.Rptr. 428]; *People* v. *Barreras,* 181 Cal.App.2d 609 [5 Cal. Rptr. 454].) (See *Boyes* v. *United States,* 298 F.2d 828; *In re April 1956 Term Grand Jury,* 239 F.2d 263.)

A defendant is not entirely without relief under the grand jury method; if he believes the grand jury had no grounds upon which to indict him he may seek relief in the superior court, under Penal Code section 995, and, if denied relief, may petition for a writ of prohibition in the appellate court, under Penal Code section 999a. (*Williams* v. *Superior Court,* 71 Cal.2d 1144 [80 Cal.Rptr. 747, 458 P.2d 987].)

Defendant makes a related third point, that the district attorney abused the grand jury procedure in charging defendant by way of indictment. His argument is that the district attorney, to avoid a preliminary hearing, used the grand jury indictment procedure to charge defendant with the commission of a crime. He contends the purpose was to prevent him and his attorney from cross-examining the witness. This, defendant argues, permits the district attorney to get a defendant before the superior court by putting on a "skeleton" case without opposition, and to proceed against many defendants at the same hearing, using a scatter-gun approach. There is nothing in the record to justify the charge, an eleventh-hour argument. Since the record does not justify a holding that the proceedings violated

defendant's constitutional right to due process of the law, we decline to engage in an academic discussion of the question.

The judgment is affirmed.

Gragano, J., concurred.

**COAKLEY, J.**—I concur in the result, without disagreeing with *People* v. *Flores,* 276 Cal.App.2d 61 [81 Cal.Rptr. 197]. While I consider it the safer and better practice, and the one which I believe is employed in most counties, i.e., to permit the presence of only one witness at a time in the grand jury room, I question whether Penal Code section 939 requires it. If the Legislature had intended to forbid the presence at a grand jury session of more than one witness at a time, it seems to me that it would have used the singular, rather than the plural, of the word "witness." It is not difficult to conjure situations wherein the presence of more than one witness in the grand jury room would greatly serve the convenience of the jurors and permit questions of more than one witness present, for purposes of clarification, without prejudice to the rights of a defendant. This may be why the Legislature used the term, "witnesses." Accordingly I would leave it to the Legislature or to the Supreme Court to make the clarification if either disagrees with the interpretation in *Flores, supra.*