**In the Matter of Karol VAN COLLINS.**
**Misc. No. 30.**

United States District Court
D. Maine, S. D.
March 13, 1958.

No appearance entered, application being ruled upon without hearing.

GIGNOUX, District Judge.

This is an application for a writ of habeas corpus ad prosequendum [1] brought by a prisoner confined in the Federal Penitentiary at Lewisburg, Pennsylvania under sentence of the United States District Court for the Eastern District of Illinois. Applicant seeks to be brought before this Court to stand trial upon an indictment returned by the Grand Jury in this District on April 16, 1957 (Criminal No. 57–14), charging applicant with the interstate transportation of stolen goods in violation of Title 18 U.S.C.A. § 2314.

The power of this Court to grant writs of habeas corpus is conferred by Title 28 U.S.C.A. § 2241, which provides, inter alia, that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." In Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 1444, 92 L.Ed. 1898, the United States Supreme Court specifically held that the phrase "within their respective jurisdictions" in this statute requires the presence of the prisoner within the territorial jurisdiction of the district court as a prerequisite to the granting of a writ of habeas corpus. Here applicant is confined outside the territorial limits of the District of Maine, and consequently there is no jurisdiction in this Court under 28 U.S.C.A. § 2241 to issue the writ of habeas corpus as requested.

Nor may the relief sought by applicant properly be granted by this Court under Title 28 U.S.C.A. § 1651, known as the "all writs statute", which provides, inter alia, that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Apart from specific exceptions created by Congress, the jurisdiction of the district courts is territorial, and a district court cannot issue process beyond its territorial limits. Georgia v. Pennsylvania R. Co., 1945, 324 U.S. 439, 467–468, 65 S.Ct. 716, 89 L.Ed. 1051; Ahrens v. Clark, supra, 335 U.S. 190, 68 S.Ct. 1444. There is nothing in § 1651 specifically giving to district courts the power to issue writs thereunder beyond their respective territorial limits. It follows, therefore, that this Court is without jurisdiction under § 1651 to grant the relief sought for the same rea-

---

1. The writ of habeas corpus ad prosequendum is merely one variant of the common law writ of habeas corpus, the phrase "ad prosequendum" being simply the designation of the purpose for which

the writ is sought. See Ex parte Bollman (Ex parte Swartwout), 1807, 4 Cranch 75, 97–98, 2 L.Ed. 554; Price v. Johnston, 1948, 334 U.S. 266, 281, 68 S.Ct. 1049, 92 L.Ed. 1356.

son that it may not grant relief under § 2241, viz., that the order of this Court may not run beyond its territorial jurisdiction. Phillips v. Hiatt, D.C.Del.1949, 83 F.Supp. 935, and cases cited.

I find that I am without jurisdiction to grant the writ.

It Is, Therefore, Ordered that the application for writ of habeas corpus be, and hereby is, Dismissed; and that the writ be, and hereby is, Denied.