**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Trent BOYES, Defendant-Appellant.**

No. 14775.

United States Court of Appeals Sixth Circuit.

July 13, 1962.

Albert D. Cash, Jr., Cincinnati, Ohio, court appointed, for appellant.

Burt Griffin, Asst. U. S. Atty., Cleveland, Ohio, for appellee, Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on the brief.

Before CECIL and WEICK, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This is an appeal from a judgment of the District Court for the Northern District of Ohio denying appellant's petition for a writ of habeas corpus ad prosequendum. Appellant, an inmate at Alcatraz, was sentenced in the United States District Court at El Paso, Texas, for bank robberies in the States of Oklahoma, Missouri and Ohio, in violation of Section 2113 of Title 18 U.S.C. The sentence was imposed upon pleas of guilty following the filing of criminal informations in the appropriate districts of the aforenamed states pursuant to Rules 7(b) and 20 of the Federal Rules of Criminal Procedure (Title 18 U.S.C.).[1]

1. "Rule 7. The Indictment and the Information

    *     *     *     *     *

"(b) Waiver of Indictment. An offense which may be punished by imprisonment for a term exceeding one year or at hard

Six years later appellant filed the aforesaid petition to have the District Court in the Ohio case correct alleged errors relative to the violation of his constitutional rights, among others, which allegedly occurred at the time of his guilty plea and sentence. The Ohio District Judge dismissed the petition for lack of jurisdiction ruling "the only court which can properly pass on this question is the United States District Court for the Western District of Texas."

Appellee moves this court at this time to dismiss the appeal under Rule 39, Title 18 U.S.C., Federal Rules of Criminal Procedure,[2] upon jurisdictional grounds.

■ We think the trial court in denying appellant's petition aforesaid arrived at the correct result. We feel, however, it should be noted that the writ of habeas corpus ad prosequendum sought by the appellant was inappropriate for his purpose since the only function of such writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. Gilmore v. United States, 129 F.2d 199, 202, cert. denied 317 U.S. 631, 63 S.Ct. 55, 87 L.Ed.

509. No prosecution as we understand the record was pending against the appellant in the Northern District of Ohio at the filing of his petition.

■ The proper procedure for obtaining a hearing as was sought by the appellant was through motion in the sentencing court under the authority of Section 2255, Title 28 U.S.C. Relief under this statute is for the sentencing Court. Baker v. United States, 287 F. 2, 5, C.A.9 (1961).

It may be appropriate to note that the Court of Appeals for the Eighth Circuit considered questions similar to those here raised by this identical appellant in an appeal from the District Court for the Eastern District of Missouri and dismissed same as being without basis or substance. Boyes v. United States, 298 F.2d 828 (February 7, 1962). In the view taken by us in this matter we do not reach the questions discussed in that case.

We agree the Ohio District Court was without authority to entertain appellant's petition. Motion on the part of the appellee to dismiss this appeal is therefore sustained.

---

labor may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment. * * *"

"Rule 20. Transfer from the District for Plea and Sentence

"A defendant arrested in a district other than that in which the indictment or information is pending against him may state in writing, after receiving a copy of the indictment or information, that he wishes to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending and to consent to disposition of the case in the district in which he was arrested, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court in which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is held and the prosecution shall continue in that district. If after the proceeding has been transferred the defendant pleads not guilty, the clerk shall return the papers to the court in which the prosecution was commenced and the proceeding shall be restored to the docket of that court. The defendant's statement shall not be used against him unless he was represented by counsel when it was made."

2. "Rule 39. Supervision of Appeal

"(a) Supervision in Appellate Court. The supervision and control of the proceedings on appeal shall be in the appellate court from the time the notice of appeal is filed with its clerk, except as otherwise provided in these rules. The appellate court may at any time entertain a motion to dismiss the appeal, or for directions to the district court, or to modify or vacate any order made by the district court or by any judge in relation to the prosecution of the appeal, including any order fixing or denying bail. * * *"