PEARSON, Chief Judge.
The appellant was charged by indictment and information filed pursuant thereto with the crime of bribery. He was tried before the court with jury and found guilty. He has appealed the judgment and sentence of five years in the state penitentiary to this court.
*117 Appellant has presented seven points on appeal. The first challenges the sufficiency of the information because it was signed by a state’s attorney assigned to the 11th judicial circuit by executive order pursuant to F.S. § 27.14, F.S.A. This point has been decided by this court adversely to appellant’s position. Hart v. State, 144 Fla. 409, 198 So. 120 (1940); State ex rel. Amaro v. Goodman, Fla.App. 1970, 231 So.2d 271.
The remaining points claim error requiring reversal for a new trial because of evidentiary and procedural rulings during the progress of the trial. We turn first to the rulings on evidence. It is urged that the testimony of Officer Klein relative to appellant’s actions at the time of his arrest was immaterial. The law has been established in this state that such evidence is material. See Carr v. State, 45 Fla. 11, 34 So. 892 (1903); State v. Young, Fla. 1968, 217 So.2d 567. Next it is urged that although the state proved the criminal actions of the defendant on the date set out in the information it was reversable error to allow evidence of similar acts preparatory to and subsequent to the bribery proved. This evidence was admissable under the rule laid down in Williams v. State, Fla. 1959, 110 So.2d 654.
Turning now to the procedural rulings which are made points on appeal, we find no reversable error. Appellant urges that he was denied the right to fully cross-examine one of the state’s witnesses. The record does not support this conclusion. The limitations imposed upon cross-examination were proper in order to prevent the trial from being converted into a trial of the state’s witness. Appellant’s right to due process was in no way impaired. See Matera v. State, Fla.App.1969, 218 So.2d 180.
The appellant has presented a question concerning references upon voir dire examination to previous cases involving testimony by the state’s witness, Charles Ce-lona. No assignment of error is directed to any ruling by the trial court and our examination of the record convinces us that no prejudice resulted from the references made.
The last point to be discussed raises a question as to the prejudicial effect of specified remarks made by the prosecuting attorney during closing argument. Appellant objected and then moved for a mistrial because the prosecuting attorney made an improper reference imputing probative value to the fact that the information was based upon a grand jury indictment. The court promptly and fully instructed the jury that the argument was improper and not to be considered. He reminded the jury of their duty to decide the case only upon the evidence before them. In view of the discretion which is exercised by a trial judge in such matters, we hold that no error was committed in denying appellant’s motion for a mistrial. See Kelly v. State, Fla.App.1967, 202 So.2d 901.
Having examined each point presented and finding no reversable error, the judgment and sentence are affirmed.
Affirmed.