**Tony GIAMO, Petitioner,**

v.

**E. Wilson PURDY, Respondent.**

**Civ. No. 71–1784.**

United States District Court,
S. D. Florida.

March 2, 1972.

Shalle Stephen Fine, Miami, Fla., for petitioner.

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent.

1

**2**

ORDER OF DISMISSAL

MEHRTENS, District Judge.

Tony Giamo has filed a Petition for Writ of Habeas Corpus attacking a five-year sentence imposed on May 15, 1970 in the Criminal Court of Record in and for Dade County, Florida after a jury trial resulted in a verdict of guilty for the crime of bribery. Petitioner's conviction was affirmed on direct appeal to the Florida Third District Court of Appeal. Giamo v. State of Florida, 245 So.2d 116 (Fla.App. 3 1971). Petitions for Certiorari were then denied by the Florida and United States Supreme Courts on August 31, 1971 and January 10, 1972 respectively.

The grounds raised on direct appeal and in the petitions for certiorari, as well as in this instant petition are as follows:

(1) The introduction into evidence of acts allegedly committed by petitioner similar to the crime charged, both prior and subsequent to the date of the crime charged, resulted in the petitioner not being convicted of a specified crime thereby depriving him of due process of law.

(2) Prejudicial comments by the prosecutor in closing argument to the jury deprived petitioner of a fair trial.

It appears that petitioner has exhausted his state remedies. Malone v. Wainwright, 433 F.2d 927 (5 Cir.1970).

Petitioner, at the time he filed the instant petition was in the custody of E. Wilson Purdy, Sheriff of Dade County, Florida, apparently awaiting transfer to a state prison to continue service of his sentence. Presently, petitioner is serving his sentence in the custody of Louie L. Wainwright, Director of Florida State Prisons. Louie L. Wainwright will, therefore, be substituted as respondent in this cause.

As to petitioner's first ground for relief, the record reveals that petitioner was charged in an information alleging that petitioner had committed an act of bribery on February 29, 1968 in violation of Florida Statute § 838.011, F.S.A. The state's case against petitioner rested almost exclusively on the testimony of one Charles Celona, a former Dade County Deputy Sheriff. The transcript of the trial reveals that Celona testified that he was a plainclothes vice officer for 10 years whose duties were to enforce the gambling and prostitution laws of the state; that after the beginning of 1966 he started "protecting" the lounges in Dade County against arrests for prostitution in return for money; that one of the first lounges he "protected" was the Bonfire Lounge, where the petitioner was employed as a Maitre d'; that pursuant to a deal with Radio Winer, owner of the Bonfire Lounge, he picked up money bi-monthly in return for the "Protection;" that on one occasion, February 29, 1968, he came to the lounge and picked up the money from the petitioner; that on dates prior and subsequent to February 29, 1968 he visited the lounge and picked up money from petitioner pursuant to this agreement.

■ The admission of evidence of prior and subsequent payments was upheld on direct appeal as relevant evidence tending to prove a common scheme or plan under the authority of Williams v. State, 110 So.2d 654 (Fla.1959). It is clear that such evidence was properly admitted for this purpose. Petitioner's objection that the general verdict of the jury precludes a determination of the specific crime he was convicted of is without merit in view of the clear testimony concerning the bribe received by Celona on February 29, 1968.

Petitioner's second ground for relief centers around two comments made by the prosecutor in summation to the jury. The record reveals the following remarks made by the prosecutor:

Yesterday, I read to you in my opening statement this information and it set forth certain basic material facts to be established. I assure you his Honor will go over again with you the basic or material facts to be established in this case against Tony Gia-

mo, this Defendant, and I assure you if Mr. Fine's argument was correct—that we have failed to prove some material allegation of this information, you would not be hearing me now. The Judge would be.

MR. FINE: I don't think that is proper.

MR. DAVIS: I think it is proper argument. He attacked the material allegations of the complaint. I think we can explain to the jury that he moved the Court to dismiss and the Court has not dismissed. It is a jury question.

MR. FINE: I have a motion.

THE COURT: Please take the jury out.

(Thereupon, the jury retired from the courtroom.)

\* \* \* \* \* \*

THE COURT: Ladies and gentlemen of the jury, you have heard some reference made to questions of law, which may have been gone into with Court and with counsel, both in and out of your presence. You are not to concern yourselves with those arguments on law, or the outcome of such arguments.

You are only to concern yourselves with the testimony which you have heard, the evidence which you have received and the instructions which I will give you shortly. You may proceed.

\* \* \* \* \* \*

MR. DAVIS: The defense counsel has talked about this information and about Robert Egan signing it. He read the last part on this page, but he didn't happen to go over to the last page. He just happened to forget about it. That is the part which says that Robert Egan, being first duly sworn, says this is based upon an indictment of the Grand Jury of Dade County, Florida.

Twenty-three people believed Charles Celona. That's how this information got—are you going to make a motion?

MR. FINE: Yes.

THE COURT: There is no motion necessary. Again, I ask you not to consider the statement just made by counsel as to the belief or disbelief of twenty-three people recently. That was his question of law with which you are not concerned. Again, I ask you to consider merely testimony that you have heard and evidence that you have received and the instructions I will give you.

\* \* \* \* \* \*

In addition to the instructions given the jury as set forth above, the judge charged the jury at the conclusion of the case as follows:

. . . . The information itself is not evidence, but is a mere formal accusation of the defendant. You are not to consider it as evidence and you are not to consider it as evidence of the defendant's guilt; and you shall not permit yourselves to be influenced by the fact that an information has been filed against the defendant.

\* \* \* \* \* \*

In determining the credibility of a witness, it is proper that you take into consideration the manner of the witness on the stand, his intelligence or lack of intelligence; the reasonableness or unreasonableness of his testimony; his interest or lack of interest in the outcome of the case; the means and opportunity of the witness for knowing the facts about which he testified and all other circumstances surrounding such witness at the time of the giving of the testimony and the happening of the events about which he has testified.

If there are conflicting statements in the testimony, you should reconcile them as it is in your power to do so. If you find yourself unable to reconcile such conflicting statements, then it would be your duty to reject such portions you cannot believe and believe what you believe to be true.

If you believe any witness willfully testified falsely about any material fact about which the witness could be mistaken, then you can disregard all of the testimony of that witness, or such portion as you find unworthy of belief.

*Accomplices* in the commission of a crime are competent witnesses, and the State has the right to use them as witnesses. An accomplice is anyone who knowingly and voluntarily cooperates with, aids, assists, advises, or encourages another in the commission of a crime, regardless of his degree of participation. The testimony of an accomplice should be received with great caution and scrutinized with care. You should give it such weight as in your judgment it is fairly entitled to receive. You may convict a person accused of a crime upon the uncorroborated testimony of an accomplice only if you believe that the testimony of the accomplice proves the guilt of the defendant beyond a reasonable doubt.

\* \* \* \* \* \*

I would like to make it clear that the Court makes no intimation to you as to what has or has not been proved. That is a matter of fact, which it is your obligation to decide. The jury is not to consider the various rulings on statements of the court during trial as indicating the Court's opinion as to the guilt or innocence of the accused.

 There is no question that the prosecutor's references to the trial court's ruling on a motion to dismiss and that 23 grand jurors believed Charles Celona was highly improper. However, it must be borne in mind that this court is here considering a collateral attack upon a state court conviction, not a direct appeal. In these proceedings only errors reaching constitutional dimensions can be considered. Redd v. Decker, 447 F.2d 1346 [5 Cir. 1971]. Therefore, the initial determination to be made is whether the prejudicial comments of the prosecutor were so substantial as to have deprived the petitioner of a fair trial. Viewing the record as a whole, including those portions of the prosecutor's argument to which objection was made, in the context of a hotly contested trial, and in the light of the cautionary instructions given by the trial judge, no constitutional error was committed. Even if it was to be concluded that the error was of constitutional magnitude, considering the totality of all of the circumstances, I conclude beyond a reasonable doubt that such error constituted no more than harmless error. Harrington v. California, 395 U. S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The whole case rested upon Celona's credibility. He testified to direct evidence of the crime corroborated in part by his ex-wife. Their testimony was uncontradicted. In addition to the standard credibility of witness charge, the jury was instructed regarding how they were to weigh accomplice testimony. The trial judge's charges on the weight to be given the information, and further that the court held no opinion whatsoever on the case added significantly to eliminate the prejudicial effect of the prosecutor's comments. The petitioner, although he did not receive a perfect trial, did receive a fair one. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953).

For these reasons, it is

Ordered and adjudged that the Petition for Writ of Habeas Corpus be and the same is hereby denied.