(Seal)

**Robert M. X. ALSTON**

v.

**UNITED STATES of America.**

**Civ. A. No. 75–61(C).**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Dec. 8, 1975.

Robert M. Alston, pro se.

Donald W. Huffman, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, District Judge.

On August 23, 1972, Robert M. X. Alston was sentenced in this Court by the Honorable H. Emory Widener, Jr. to twenty years in jail for bank robbery. Alston had withdrawn his plea of not guilty and upon inquiry by the Court been allowed to plead guilty to the charge against him. Now, pursuant to 28 U.S.C. § 2254, Alston is petitioning this Court for a writ of habeas corpus alleging errors in his conviction process. Among his allegations are:

(1) incompetency of his counsel,

(2) his conviction was obtained by an unlawfully induced guilty plea,

(3) his conviction was facilitated by a coerced confession,

(4) the Court in Virginia did not properly obtain jurisdiction over petitioner who at the time was in custody in Maryland,

(5) the Court did not make an express finding as to whether petitioner would benefit from treatment under sections 5010(b) or 5010(c) of the Youth Corrections Act.

Because the transcript of petitioner's hearings reveal no factual support for any of these charges, this Court orders this action dismissed.

A guilty plea must, of course, be made voluntarily and intelligently with a full understanding of the conse-

quences, and the record must affirmatively show this. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In making this plea, a defendant must receive reasonably competent assistance of counsel which has been defined by courts to be such representation as would not be so inadequate as to make a farce of the trial. *Bennett v. Maryland,* 425 F.2d 181 (4th Cir. 1970), cert. denied, 400 U.S. 881, 91 S. Ct. 126, 27 L.Ed.2d 120 (1970).

■ The record indicates that the petitioner was interrogated by Judge Widener long and hard concerning the plea bargaining in his case and the representation afforded him. When asked if there were any complaints about the representation, petitioner replied negatively and then answered affirmatively that he was satisfied in every respect with the services of his attorney. The Assistant United States Attorney explained the plea bargain and the Court then went over the agreement with petitioner carefully pointing out that the Court did not have to go along with the plea.

■ Petitioner responded negatively to a question as to whether there had been any threats made by anyone to obtain a guilty plea. At a later hearing, a probation report was presented to petitioner's counsel and after review of it by petitioner and his attorney, the Court pronounced judgment in accordance with the terms of the agreement itself. Thus, the plea bargain was carried out according to its terms. See *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Based on this record, this Court finds petitioner's first two claims totally unsupported by the evidence.

■ Petitioner's third complaint is that his conviction stemmed from his coerced confession. The record indicates though that the petitioner implicated himself when he testified as a witness in the trial of his companion, Charles William Thomas. Such an act is far from the taking of a confession involuntarily.

Petitioner further complains that his court-appointed attorney contacted his mother to apply pressure to him concerning his charge of bank robbery. He also complains that the United States Attorney contacted state authorities in Maryland concerning the charges against him in that state.

■ This Court cannot find any constitutional deficiencies in these maneuvers. It was quite appropriate for petitioner's court-appointed counsel to talk with petitioner's mother concerning the charges against her son. Furthermore, as a part of the plea bargaining process, it was necessary for federal prosecutors to talk with state authorities concerning petitioner's case. Indeed the Assistant United States Attorney referred to the fact that this had occurred in describing in court the plea bargain itself. As such, this discussion among authorities was an essential part of proposing a complete plan for the disposition of petitioner's case, and there is nothing in the record to indicate that the defendant was not aware of the consequences of the plea bargain process itself. *Santobello, supra.* Without any evidence to the contrary, the bargain will be accepted by this Court complete with these maneuvers by petitioner's counsel and the government attorneys.

■ As to petitioner's fourth claim that the Virginia court removed petitioner from the State of Maryland without an extraditional hearing, this is answered by stating that petitioner was transferred to the Western District of Virginia from Maryland on a writ of habeas corpus ad prosequendum. This writ is a jurisdictional tool which allows for the removal of a prisoner to the proper jurisdiction for prosecution and represents no violation of petitioner's constitutional rights. *Yodock v. United States,* 101 F.Supp. 480 (M.D.Pa.1951), *Rose v. United States,* 365 F.Supp. 841 (N.D.Ill.1973). Furthermore, courts have consistently held that a prisoner has no standing to contest his removal from one state to another when accom-

plished through a writ of habeas corpus ad prosequendum. *Derengowski v. United States Marshal, Minneapolis Office, Minnesota Division,* 377 F.2d 223 (8th Cir. 1967), cert. denied 389 U.S. 884, 88 S.Ct. 144, 19 L.Ed.2d 180 (1967); *Chunn v. Clerk,* 451 F.2d 1005 (5th Cir. 1971).

As to petitioner's last allegation that the Court did not expressly find in sentencing petitioner that he would not have benefited from treatment under the Youth Corrections Act, this charge is also factually incorrect. The transcript of petitioner's hearing clearly reveals the contrary. Transcript, August 23, 1972, p. 12. This action is ordered dismissed and judgment entered for respondent. The Clerk will strike this case from the docket and certify a copy of this opinion to petitioner and counsel for respondents.