755 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM JEFFREY BURKHART, PETITIONER-APPELLANT,
v.
STATE OF OHIO; ET AL., RESPONDENTS-APPELLEES.
 NO. 84-3160
 United States Court of Appeals, Sixth Circuit.
 1/22/85
 
 ORDER
 BEFORE: CONTIE and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The appellant is appealing the district court's judgment which construed his petition for writ of error coram nobis as a petition for writ of habeas corpus and denied habeas corpus relief. On appeal, the appellant's main claim is that the Ohio state convictions for aggravated burglary and attempted aggravated murder should be held void because the Ohio trial court unconstitutionally gained jurisdiction over him. Prior to the Ohio trial, the appellant was incarcerated in a federal facility in Morgantown, West Virginia. He was brought to Ohio to stand trial by the use of a writ of habeas corpus ad prosequendum issued by the federal district court in West Virginia. The appellant contends that the use of the writ was improper in these circumstances.
 
 
 3
 The district court did not err in construing the petition for a writ of error coram nobis as a petition for habeas corpus. A writ of error coram nobis is not the proper procedural vehicle to contest a state court conviction in federal court. Blake v. State of Florida, 395 F.2d 758 (5th Cir. 1968). In construing the petition as a request for habeas corpus relief, however, the Court must determine whether or not the state court remedies have been exhausted. Koontz v. Glossa, 731 F.2d 365 (6th Cir. 1984).
 
 
 4
 In reviewing the record, it is clear that the issue now contested by the appellant was not brought up on direct appeal in state court. Further, the appellant had sought to litigate the issue in an Ohio state habeas corpus proceeding before the Court of Common Pleas, Madison Co., Ohio and on appeal to the Ohio Court of Appeals for the Twelfth District. The Court of Appeals, in denying relief, found that the trial court had jurisdiction and, consequently, that the habeas corpus proceeding was improper. A claim has been exhausted if it has been fairly presented to the state courts. Koontz v. Glossa, supra. As stated by the district court, it is unclear whether the appellant appealed the state habeas corpus action to the Ohio Supreme Court. At this point in time, however, it would be futile to send the case back to state court as the time for taking the state habeas appeal has long expired. See, Bosco v. City of Euclid, 38 Ohio App. 2d 40, 311 NE 2d 870 (1974). In all probability, if the appellant has not filed a notice of appeal, review of the habeas action in the Ohio Supreme Court would be barred. See, Oh. S.Ct. R. II, Sec. 1. Consequently, it is appropriate to address the merits of the appellant's claim. Matlock v. Rose, 731 F.2d 1236 (6th Cir. 1984).
 
 
 5
 A writ of habeas corpus ad prosequendum is the proper method to remove a prisoner to the correct jurisdiction for prosecution. 28 U.S.C. Sec. 2241(c)(5); United States v. Boyes, 305 F.2d 160 (6th Cir. 1962); Alston v. United States, 405 F.Supp. 354 (W.D.W. Va. 1975). Additionally, the power to try and fairly convict a person for a crime is not impaired even if he has been brought into the jurisdiction by reason of forcible abduction. Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Frisbie v. Collins, 342 U.S. 519 (1952). The appellant's claim only addresses the means by which the Ohio courts gained jurisdiction over him. Consequently, the appellant is alleging an error that cannot be redressed by federal habeas corpus. See, McNally v. Hill, 293 U.S. 131 (1934).
 
 
 6
 Accordingly, it is ORDERED that the judgment of the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.